Appellant was convicted of robbery in the first degree and sentenced as a habitual offender to life without parole. *Page 580 
The State's evidence, showing that appellant was one of two men who entered Roy and Sara's Grocery Store in Birmingham and demanded cash at gunpoint on July 22, 1980, was sufficient to support the verdict and there is no contention here to the contrary.
 I
Approximately two weeks after the robbery, Mrs. Sara Marbury attended a lineup and identified appellant as one of the men who had robbed her. Appellant now argues that his identification by Mrs. Marbury should have been suppressed because, at the time of the lineup, he was being held under illegal arrest for another offense.
We have already determined this issue adversely to appellant's position in Ladd v. State, 426 So.2d 938
(Ala.Cr.App. 1982). The legality of the arrest was upheld in a companion case, Johnson v. State, 406 So.2d 446 (Ala.Cr.App. 1981). The identification testimony was properly admitted.
 II
Appellant claims that his sentence was improper because one of the documents used to prove a prior conviction did not show that he was represented by counsel, or had waived counsel, at the time judgment was entered.
The Jefferson County docket sheet, introduced to prove appellant's prior conviction for burglary, shows, in the space labelled "Defense Attorney," the name "J. Louis Wilkinson." It also indicates that on September 24, 1976, appellant was "represented by his attorney of record herein" at arraignment. In addition, the record reveals that on January 11, 1977, the trial court denied a "motion [by] defense counsel Wilkinson."
Under the entry for May 18, 1977, however, there is no indication that appellant was accompanied by counsel. The notations for that date read as follows:
 "Jury Verdict: We, the jury find the defendant guilty of burglary as charged in Count One of the indictment."
 "In accordance with jury verdict defendant found guilty of burglary in second degree. Crowder, J."
 "The defendant being called before the Court for sentence and asked whether he has something to say as to why sentence should not be pronounced against him says `No Sir.' It is the judgment and sentence of the Court that the defendant be imprisoned in the penitentiary for a term of 5 years, and it is hereby ordered that the defendant be credited with all of his actual time spent incarcerated in the Jefferson County Jail pending trial of this cause unless he was serving time for another offense. Crowder, Judge."
 "Defendant files notice of appeal. Appeal bond set in amount of $10,000. Crowder, J."
The law is clear that an uncounselled prior conviction cannot be used to support guilt or to enhance punishment. Burgett v.Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Thus, unless it is shown that the accused was represented by counsel, or waived counsel, at the time of his prior conviction, the conviction is not available for consideration under the Habitual Felony Offender Act. Watson v. State, 392 So.2d 1274,1279 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981).
In Burgett, one version of the prior conviction offered in evidence stated that the petitioner had been "without counsel."389 U.S. at 112, 88 S.Ct. at 260. Another version implied that the petitioner may have had an attorney. The Supreme Court held that because of the discrepancy there was a "presumption that petitioner was denied his right to counsel." 389 U.S. at 114,88 S.Ct. at 261-262. In the case before us, however, there is a presumption that appellant was not denied counsel. Although theBurgett court cautioned against "[p]resuming waiver of counsel from a silent record," 389 U.S. at 114-15, 88 S.Ct. at 261-262, the record in the instant case is not silent. It shows that the Honorable J. Louis Wilkinson appeared as counsel for appellant prior to trial. *Page 581 
If appellant contends that Mr. Wilkinson did not represent him at trial, conviction, and sentencing, we think he had both the burden and the opportunity of proving that fact. As the Court of Appeals for the Fifth Circuit stated in a case with similar circumstances, "[i]n view of the fact that the record is not `silent' as to [petitioner's] representation by counsel, he would have the burden of proving otherwise." Wesley v.Alabama, 488 F.2d 30 (5th Cir. 1974).
In our judgment, the case of Shellnut v. State, 43 Ala. App. 298, 189 So.2d 587, cert. denied, 280 Ala. 28, 189 So.2d 590
(1966), is distinguishable on its facts. There, the defendant testified he was not represented by counsel at the time he entered his guilty plea. Furthermore, the defendant's counsel of record stated that he had no recollection of having attended the accused at the time of the plea. Furthermore, the official minute entry was "silent" as to representation by counsel.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.