Shirley Jean Clemons was indicted for the murder of one, James E. Jones, in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant "guilty of the lesser included offense of manslaughter." The trial judge sentenced her to twenty years' imprisonment as a habitual felony offender.
The facts of this case are not pertinent to the issues raised by the appellant and will not be discussed.
 I During the course of the trial, defense counsel, outside the presence of the jury, objected to the admission into evidence of a shotgun and a shotgun shell. These items were given to the police by the appellant soon after the shooting. The shotgun was the alleged murder weapon.
Defense counsel objected to the admission into evidence of these items on the ground that these had not been produced by the State pursuant to the appellant's motion for discovery.
The motion for discovery requests, in part:
 "7. To permit the Defendant to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, controlled substances, *Page 1061 
buildings or places, or portions of any of these things, breath test machines, chemical analysis ampules, or any part or component of any of same, which are in the possession, custody, or control of the State or any law enforcement or prosecuting official, which are either:
 "a) Material to the preparation of Defendant's defense;
 "b) Intended for use by the State as evidence at the trial, either as direct evidence or impeachment or rebuttal evidence; or
 "c) Obtained from or belonged to the Defendant." (R. 225)
During the hearing on defense counsel's objection, the trial judge stated:
 "THE COURT: Mr. Holt, let me cut through all of this, gentlemen. You're correct in what I stated to you, Mr. Holt, and if I thought that they had not complied with the order, I would not hesitate to prevent this from coming into evidence. But as I read the order and as I understand generally the way discovery works, the motion was to permit the Defendant to analyze and inspect or copy or photograph things, and I would assume that if a specific request had been made to inspect, copy or analyze this gun, and I guess you're going under Number 7 or 7C particularly, and you know if you had asked to see them and they had denied permission, I would not let this come in. But, you know, I don't think they have an affirmative duty to take it down to your office. I ordered that they must permit you to analyze, inspect or copy documents of that nature." (R. 43-44)
We agree with the trial judge that the State was not required to give the shotgun and the shell to the appellant. The appellant did not specifically request the production of these items and their production was not required by Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) as these items are clearly not exculpatory. Furthermore, the actual production of these items would have created chain of custody complications for the State. The State's sole duty in this regard was to allow the appellant to inspect and analyze these items.
Defense counsel contends that the State had an affirmative duty to inform him that these items were in their possession and that he could inspect them.
We need not address this issue directly since defense counsel stated at the hearing that he "assumed" the State had the shotgun. Based on this "assumption", defense counsel should have asked to inspect these items prior to trial.
Even had we found that the State failed to comply with the order for discovery, these items still would have been admissible because, during the hearing, the State offered defense counsel and any experts the opportunity to inspect and examine the shotgun and the shell. See Rule 18.5 (a), Alabama Temporary Rules of Criminal Procedure.
The admission of the shotgun and the shell into evidence was not error.
 II
During the sentencing hearing, a certified copy of a minute entry showing the appellant's conviction on an information charging forgery in the second degree was admitted into evidence. The minute entry reveals that the appellant pled guilty to this offense and received a sentence of one year and one day.
The appellant attacks her sentencing under the Habitual Felony Offender Act on several grounds.
First, the appellant maintains that she was not represented by counsel on her prior conviction. The minute entry showed that the appellant was represented by an attorney named Herman Ross. From this evidence, it is presumed that the appellant was not denied counsel. Ladd v. State, 431 So.2d 579
(Ala.Crim.App.), cert. denied, 431 So.2d 579 (Ala. 1983). Thus, the burden of proving the fact that she was not represented by counsel was on the appellant. Ladd, supra, Jones v. State,431 So.2d 1367 (Ala.Crim.App. 1983). The appellant was *Page 1062 
given the opportunity to prove this fact during the habitual felony offender hearing. Obviously, the trial judge found that the appellant did not carry the burden in this regard. Our review of the record leads us to the same conclusion.
Secondly, the appellant asserts that her guilty plea was not voluntary and challenges the validity of the plea on other grounds.
There is no requirement that a trial judge make an inquiry into the voluntariness of a guilty plea when the conviction resulting from the guilty plea is being considered for enhancement purposes. Jones v. State, 431 So.2d 1367
(Ala.Crim.App. 1983).
"A plea of guilty is a conviction itself. This is not the proper forum for attacking a prior conviction used during a habitual offender hearing. The proper forum for attacking the validity of a prior conviction would be by a petition for a writ of error coram nobis. See Mayola v. State, 337 So.2d 105
(Ala.Cr.App. 1976)." Jones, supra at 1372.
The appellant was properly sentenced under the provisions of the habitual offender act. The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.