Mattie Sewell Moon was convicted for the offense of driving while under the influence of alcohol, fined $500, and sentenced to 90 days in jail. The jail sentence was suspended upon the condition that Ms. Moon serve 60 days in jail. Ms. Moon raises two issues on this appeal from that conviction.
 I
Ms. Moon's motion for a directed verdict of acquittal was properly denied because the evidence presented by the prosecution was sufficient to sustain her conviction.
On the night of March 31, 1987, three automobiles were stopped at a red light at the intersection of Air Base Boulevard and Terminal Road in Montgomery. Ms. Moon's car collided into the rear of the car driven by Charles Coco, whose car was pushed into Richard Turner's car, whose car was pushed into Tim Taylor's car.
Taylor testified that about five seconds after the collision he saw Ms. Moon slumped over the steering wheel of her car. Taylor also observed a lady in the passenger's seat of Ms. Moon's car. According to Taylor, this person "jumped out of the car on the passenger's side and ran across the street and got in another car." Charles Coco testified that approximately one and one-half minutes after the impact he observed Ms. Moon slumped over the steering wheel of her car.
Montgomery Police Officer A.J. Locker arrived on the scene almost immediately after the accident occurred and while "everybody was still sitting in the cars." He pulled his patrol car behind Ms. Moon's car and, although he had not seen Ms. Moon actually driving, he did see her sitting on the driver's side leaning over the steering wheel. He did not see a passenger in Ms. Moon's car.
It is undisputed that Ms. Moon was intoxicated at the time of the collision. Her blood-alcohol level was .256%.
Ms. Moon testified in her own defense. She stated, in effect, that she was not *Page 141 
driving her car because she had been drinking at the Beverly Restaurant and was too intoxicated to drive home. A stranger named "Doc" was asked to drive her home. Doc was driving at the time of the collision. Ms. Moon testified that, after the impact, she realized that Doc was gone and she slid across the car seat to try and get out of her car.
The standard for appellate review of the sufficiency of the evidence in a conviction based upon circumstantial evidence was set out in Dolvin v. State, 391 So.2d 133, 137-38 (Ala. 1980), and Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App. 1978), cert. denied, Ex parte Cumbo, 368 So.2d 877 (Ala. 1979). Applying those principles to this case, we find that the jury could have reasonably inferred that Ms. Moon was, in fact, driving her car at the time of the collision. See also Cagle v.City of Gadsden, 495 So.2d 1144, 1147 (Ala. 1986) ("Thus, the test to be used in DUI cases is to look at all of the circumstances to see if there is sufficient evidence to support the conclusion that the defendant was in 'actual physical control' of the vehicle."). In order to sustain a criminal conviction for DUI, positive, direct, or eyewitness testimony is not required. "Circumstantial evidence alone is enough to support a guilty verdict of the most heinous crime, provided the jury believes beyond a reasonable doubt that the accused is guilty." White v. State, 294 Ala. 265, 272, 314 So.2d 857, cert. denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288
(1975).
In Bickerstaff v. State, 516 So.2d 800, 801 (Ala. 1987), our Supreme Court held that whether the accused was actually intoxicated at the time he was driving the vehicle is a factual question to be determined from the totality of the circumstances. "[I]t is up to the trier of fact to weigh those factors [(1) testimony of the witnesses, (2) access to alcohol, and (3) the amount of time between the commission of the offense and the observation of the defendant] and determine whether the defendant was intoxicated and, if so, whether the intoxication was a result of alcohol consumption prior to or after the commission of an offense. Thus, the requirement that the State show that the defendant did not have access to, or consume, alcoholic beverages after the accident is now removed."
The issue here is essentially the reverse of that presented in Bickerstaff. In this case, the intoxication of the accused at the time of the collision is undisputed. The question of whether or not she was driving the vehicle is disputed. This was a question of fact to be determined by the jury from the totality of the circumstances presented. These particular facts and circumstances of this case are sufficient to support the verdict of the jury.
 II
We find that the sentence in this case is proper. Ms. Moon contends that she was improperly sentenced as a second-time offender under Alabama Code 1975, § 32-5A-191(d), because the State did not prove a prior conviction for DUI.
At the sentencing hearing, Ms. Moon, in response to an inquiry by the trial judge, admitted that "this is not the first time [she had] had this difficulty." Other than the judge's inquiry and Ms. Moon's response, there is nothing in the record to indicate that her sentence was enhanced for a second conviction. The record contains no objection of any type to the sentence Ms. Moon received.
When a prior DUI conviction is used for enhancement purposes, the prosecution must establish that the accused was represented by counsel at the prior proceeding or that the right to counsel was waived. Bilbrey v. State, 531 So.2d 27 (Ala.Cr.App. 1987). However, here the record does not show that Ms. Moon was sentenced as a second-time offender. Phillips v. State,518 So.2d 833, 834 (Ala.Cr.App. 1987).
Part of the punishment for a first conviction of DUI is optional imprisonment for not more than one year and/or a fine of not less than $250 nor more than $1000. Alabama Code 1975, § 32-5A-191(c). A second conviction within a five-year period authorizes imprisonment for not more than one year and/or a fine of not less than $500 nor more than $2500. The punishment *Page 142 
must "include a mandatory sentence which is not subject to suspension or probation of imprisonment . . . for not less than 48 consecutive hours or community service for not less than 20 days." § 32-5A-191(d).
It is proper for a trial judge to review a defendant's driving record in sentencing a defendant for DUI. Aldridge v.State, 485 So.2d 810, 811 (Ala.Cr.App. 1986). He may consider prior arrests which did not result in convictions, Jackson v.State, 501 So.2d 542, 548 (Ala.Cr.App. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 3242, 97 L.Ed.2d 746 (1987), and even the defendant's juvenile record. Smiley v. State, 435 So.2d 202,205 (Ala.Cr.App. 1983).
Ms. Moon's sentence was not excessive and was within the proper range of punishment for a first-time offender.Aldridge, 485 So.2d at 811 (12 months' imprisonment); Boyd v.City of Montgomery, 472 So.2d 694 (Ala.Cr.App. 1985) (60 days' imprisonment and $1000 fine). We find the sentence to be proper.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.