Ralph Junior Reese was charged with possession of marijuana "for his personal use only after having been previously convicted of unlawful possession of marijuana . . . for his personal use only," § 13A-12-213, Ala. Code 1975; he pleaded guilty and was sentenced to five years in the state penitentiary. As evidence of Reese's prior conviction, the State introduced a certified record of Reese's conviction in Dothan Municipal Court. On the docket sheet in that prior case was a stamped notation indicating that Reese had waived his right to counsel before pleading guilty. Reese asserts that that prior conviction cannot be used for enhancement because the State presented no evidence in that earlier case that Reese had voluntarily and knowingly waived his right to counsel.
In pleading guilty, Reese specifically reserved the right to challenge on appeal the use of his prior conviction for enhancement purposes. The Court of Criminal Appeals affirmed Reese's conviction and sentence by an unpublished memorandum, 609 So.2d 461. We granted his petition for the writ of certiorari to address the following issue: Whether the Court of Criminal Appeals erred in holding that the State proved that Reese's prior guilty plea to possession of marijuana was not obtained in violation of his right to counsel.
A defendant's right to counsel in criminal prosecutions is guaranteed by the Sixth Amendment of the United States Constitution. This right is applied in the state courts through the Fourteenth Amendment. Gideon v. Wainwright, 372 U.S. 335,83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The right to counsel is to be applied in misdemeanor cases involving a loss of liberty.Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006,32 L.Ed.2d 530 (1972). In misdemeanor cases, however, the right applies only when the defendant is actually sentenced to jail. Scott v.Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979).
An uncounseled prior conviction cannot be used to support a finding of guilt or to enhance punishment. Burgett v. Texas,389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Ladd v.State, 431 So.2d 579, 580 (Ala.Crim.App. 1983). "Thus, unless it is shown that the accused was represented by counsel, or waived counsel, at the time of his prior conviction, the conviction is not available for consideration under the Habitual Felony Offender Act. Watson v. State, 392 So.2d 1274,1279 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280
(Ala. 1981)." Ladd, 431 So.2d at 580. Nor is an uncounseled conviction available for consideration under § 13A-12-213.
"If an accused waives his right to counsel, that waiver must be intelligently and *Page 581 
understandingly made and cannot be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884,8 L.Ed.2d 70 (1962)." Lake v. City of Birmingham, 390 So.2d 36,38 (Ala.Crim.App. 1980). The state must prove that the accused has waived the right to counsel. Brewer v. Williams,430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424, rehearing denied,431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 240 (1977). "The burden is on the State to show that a defendant's waiver of counsel was made knowingly and intelligently. Zuck v. Alabama, 588 F.2d 436 (5th Cir. 1979), cert. denied, 444 U.S. 833, 100 S.Ct. 63,62 L.Ed.2d 42 (1979)." Leonard v. State, 484 So.2d 1185, 1189
(Ala.Crim.App. 1985).
Reese's previous conviction was for possession of marijuana for personal use only, in violation of § 13A-12-214. That crime is a class A misdemeanor, and Reese was sentenced to six months in the municipal jail. Therefore, he had a right to counsel in that case.
Reese argues that the record is silent as to whether he validly waived his right to counsel in the earlier case and that the State failed to present any evidence that his waiver was made knowingly and intelligently. The State asserts that the record is not silent. That is, the State argues that the stamped notation on the docket sheet from Dothan Municipal Court is sufficient evidence that Reese made a valid waiver of his right to counsel.
The United States Supreme Court has held: "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is notwaiver." Carnley, 369 U.S. at 516, 82 S.Ct. at 890,8 L.Ed.2d at 77 (emphasis added). The record of Reese's previous conviction, though not completely silent, does not sufficiently show that Reese was offered counsel and that he knowingly and intelligently rejected that offer.
"A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that thedefendant knowingly, intelligently, and voluntarily desires toforgo that right." Rule 6.1(b), A.R.Crim.P. (emphasis added). There is no evidence that the judge in the municipal court engaged in the colloquy necessary to ascertain that Reese knowingly, intelligently, and voluntarily desired to forgo his right to counsel.
Based on that prior record, Reese was convicted of possession of marijuana in the first degree, § 13A-12-213, and was sentenced to five years in the state penitentiary. Because the State did not meet its burden of proving that Reese validly waived his right to counsel before pleading guilty to the first possession charge, the conviction on that charge cannot be used to elevate the crime in this case.
Accordingly, the judgment of the Court of Criminal Appeals affirming Reese's conviction and sentence is reversed, and the case is remanded. The Court of Criminal Appeals is instructed to reverse the judgment of the trial court and remand the case to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX, J., dissents.