This is an appeal from a revocation of probation. In October 1992, the appellant, Fernandez Robinson, pleaded guilty to and was convicted of the unlawful possession of cocaine and was sentenced to five years' imprisonment. After completion of the Disciplinary Rehabilitation Program (boot camp) he was placed on probation in April 1993. That probation was revoked in October 1993 after a revocation hearing.
At the conclusion of the revocation hearing, the trial judge stated:
 "In this case this Court is reasonably satisfied from the evidence presented that the State has presented substantial evidence to identify Fernandez Robinson as the person who was convicted of driving while license revoked reflected on State's Exhibit 2 [certified copy of municipal court conviction for driving while license privilege is revoked]. This finding is based on the testimony of Ms. Pfeiffer [probation officer] and the documents in the formal file of this case, plus exhibits introduced into evidence. And actually the only exhibit I have relied upon that was introduced into evidence is State's Exhibit 2.
 "Based on the foregoing, this Court finds that a condition of the defendant's probation in Case CC92-1281 was violated by the defendant driving with his license revoked." R. 32.
 I
The appellant contends that his probation may not be revoked on the basis of his conviction in municipal court because, he says, he was not represented by counsel and the State failed to prove a knowing, intelligent, and voluntary waiver of counsel by the appellant in municipal court.
Initially we note that the appellant was entitled to counsel in the misdemeanor conviction for driving while his license was revoked because he was sentenced to 40 days in the city jail.
 "A defendant's right to counsel in criminal prosecutions is guaranteed by the Sixth Amendment of the United States Constitution. This right is applied in the state courts through the Fourteenth Amendment. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The right to counsel is to be applied in misdemeanor cases involving a loss of liberty. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In misdemeanor cases, however, the right applies only when the defendant is actually sentenced to jail. Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)."
Ex parte Reese, 620 So.2d 579, 580 (Ala. 1993).
"A trial court may not properly revoke probation on the basis of a prior conviction without first affirmatively establishing that the probationer was represented by counsel or intelligently waived counsel at the time of entering the guilty plea. Hollingsworth [v. State, 410 So.2d 133 (Ala.Cr.App. 1981), cert. quashed, 410 So.2d 134 (Ala. 1982)]." Powell v.State, 485 So.2d 378, 379 (Ala.Cr.App. 1985), remanded on other grounds, 485 So.2d 379 (Ala. 1986).
In Ex parte Reese, the Alabama Supreme Court stated:
 "An uncounseled prior conviction cannot be used to support a finding of guilt or to enhance punishment. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Ladd v. State, 431 So.2d 579, 580 (Ala.Crim.App. 1983). 'Thus, unless it is shown that the accused was represented by counsel, or waived counsel, at the time of his prior conviction, the conviction is not available for consideration under the Habitual Felony Offender Act. Watson v. State, 392 So.2d 1274, 1279
(Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280
(Ala. *Page 1333 
1981).' Ladd, 431 So.2d at 580. Nor is an uncounseled conviction available for consideration under § 13A-12-213.
 " 'If an accused waives his right to counsel, that waiver must be intelligently and understandingly made and cannot be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).' Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Crim.App. 1980). The state must prove that the accused has waived the right to counsel. Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424, rehearing denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 240 (1977). 'The burden is on the State to show that a defendant's waiver of counsel was made knowingly and intelligently. Zuck v. Alabama, 588 F.2d 436 (5th Cir. 1979), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979).' Leonard v. State, 484 So.2d 1185, 1189 (Ala.Crim.App. 1985).
 "Reese's previous conviction was for possession of marijuana for personal use only, in violation of § 13A-12-214. That crime is a class A misdemeanor, and Reese was sentenced to six months in the municipal jail. Therefore, he had a right to counsel in that case.
 "Reese argues that the record is silent as to whether he validly waived his right to counsel in the earlier case and that the State failed to present any evidence that his waiver was made knowingly and intelligently. The State asserts that the record is not silent. That is, the State argues that the stamped notation on the docket sheet from Dothan Municipal Court is sufficient evidence that Reese made a valid waiver of his right to counsel.
 "The United States Supreme Court has held: 'Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.' Carnley, 369 U.S. at 516, 82 S.Ct. at 890, 8 L.Ed.2d at 77 (emphasis added). The record of Reese's previous conviction, though not completely silent, does not sufficiently show that Reese was offered counsel and that he knowingly and intelligently rejected that offer.
 " 'A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right.' Rule 6.1(b), A.R.Crim.P. (emphasis added). There is no evidence that the judge in the municipal court engaged in the colloquy necessary to ascertain that Reese knowingly, intelligently, and voluntarily desired to forgo his right to counsel.
 "Based on that prior record, Reese was convicted of possession of marijuana in the first degree, § 13A-12-213, and was sentenced to five years in the state penitentiary. Because the State did not meet its burden of proving that Reese validly waived his right to counsel before pleading guilty to the first possession charge, the conviction on that charge cannot be used to elevate the crime in this case."
Reese, 620 So.2d at 580-81.
There is a factual distinction between Reese and the present case. In Reese, the only evidence of a voluntary waiver of counsel was a stamped notation on the docket sheet "indicating that Reese had waived his right to counsel before pleading guilty." Reese, 620 So.2d at 580. In this case, certain items in the "Court Action and Disposition" section of the Uniform Traffic Ticket and Complaint ("UTTC") have been completed, apparently by the municipal court judge. The block next to the following statement is checked: "Defendant informed of right to counsel, voluntarily waived counsel." C.R. 23.
In Gullatt v. City of Hoover, 459 So.2d 1006, 1007
(Ala.Cr.App. 1984), this Court stated:
 "The minute entry of the 1979 conviction [for DUI in municipal court] . . . clearly establishes that appellant was offered counsel and waived counsel. This waiver affirmatively appears in the handwriting on the bench notes by Judge Peter A. Hall. The record in the case at bar is therefore not a silent record with respect to this appellant's right to counsel at the 1979 *Page 1334 
conviction. Cf. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962)." (Emphasis in original.)
See also Jackson v. State, 502 So.2d 858, 865 (Ala.Cr.App. 1986) (" ' "[I]n view of the fact that the record is not 'silent' as to [petitioner's] representation by counsel, he would have the burden of proving otherwise." Wesley v. Alabama,488 F.2d 30 (5th Cir. 1974).' Ladd v. State, [431 So.2d 579,581 (Ala.Cr.App. 1983)].").
 "Appellant is correct in asserting that a prior conviction without counsel, or an effective waiver thereof, cannot be used by the State as a valid prior conviction for enhancement purposes. Burgett [v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967)]; Thompson v. State, 405 So.2d 717 (Ala.Cr.App.), cert. denied, 405 So.2d 721
(Ala. 1981). While the State bore the burden of proving a valid prior conviction in which appellant was represented by counsel, it met that burden and established a prima facie case by the introduction of the certified copy of the minute entry. Douglas v. State, 406 So.2d 1051 (Ala.Cr.App.), cert. denied, 406 So.2d 1053 (Ala. 1981); Crittenden v. State, 414 So.2d 476 (Ala.Cr.App. 1982). When appellant then contended that the former conviction was invalid for enhancement purposes because of lack of representation, he bore the burden of presenting evidence in support thereof. Napier v. State, 344 So.2d 1235 (Ala.Cr.App.), cert. denied, 344 So.2d 1239 (Ala. 1977)."
Tate v. State, 435 So.2d 190, 195 (Ala.Cr.App. 1983).
 II
The evidence was clearly sufficient to "reasonably satisfy" the trial court that the appellant had breached a condition of probation. This was all the burden of proof required. Rule 27.6(d)(1), A.R.Crim.P. The trial judge stated: "I think the evidence is overwhelming at this point from the formal file in the case without regard to this Court Exhibit 2 [a certified copy of the municipal court conviction] that this defendant sitting here in the courtroom has the same address as the person that is referred to in State's Exhibit 2." R. 24.
"[T]he State is not bound to a standard of proof of reasonable doubt or the preponderance of the evidence; rather, 'the State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.' [Free v. State, 392 So.2d 857, 859
(Ala.Cr.App. 1980), cert. denied, 392 So.2d 859 (Ala.), cert. denied, 451 U.S. 990, 101 S.Ct. 2329, 68 L.Ed.2d 850 (1981)]."Powell v. State, 485 So.2d 379, 381 (Ala. 1986).
In Powell, 485 So.2d at 380, the Alabama Supreme Court stated:
 "Proof that a defendant breached a condition of his probation by way of evidence that he engaged in criminal conduct, as opposed to a mere showing of a certified copy of the record of conviction, requires no further proof that he was represented by counsel or that he knowingly and intelligently waived counsel. Indeed, the State may elect to prove the alleged subsequent offense as a basis for probation revocation, and either pursue the prosecution of that offense at a later time or forgo its prosecution altogether."
The appellant's probation officer testified that she informed the appellant that one of the conditions of the appellant's probation was that he not violate any federal, state, or municipal law. R. 27. She stated that the appellant admitted to her that he been "stopped for driving while revoked" in Huntsville "on two separate occasions." R. 29. Her testimony is not sufficient, in and of itself, to support the revocation of probation because while she stated that the appellant admitted to her that he had been charged with driving while his license was revoked, she never testified that the appellant admitted his guilt of that charge. "[I]t is clear that a 'mere arrest' or the filing of charges in themselves would be insufficient grounds for the revocation of probation. Free v. State,392 So.2d 857 (Ala.Cr.App. 1980), writ denied, 392 So.2d 859 (Ala. 1981); Bullock v. State, 392 So.2d 848 (Ala.Cr.App. 1980), writ denied, 392 So.2d 852 (Ala. 1981); Hill v. State, 350 So.2d 716
(Ala.Cr.App. 1977)." Smith v. State, 445 So.2d 573, 757
(Ala.Cr.App. 1984). *Page 1335 
The judgment of the circuit court revoking the appellant's probation is affirmed.
AFFIRMED.
All Judges concur.