The appellant, Sean Bowman Farley, was convicted of driving under the influence of alcohol, a violation of §32-5A-191(a)(2), Code of Alabama 1975. He was sentenced to one year in jail. His sentence was split and he was ordered to serve 60 days in jail and the remainder on probation.
The state's evidence tended to show that on September 3, 1994, the appellant was driving his automobile while under the influence of alcohol. Officer Joseph Hardy, Jr., and Officer Dewayne Williams of the Montgomery Police Department received a call from headquarters and proceeded to the intersection of Lawrence and Washington Street. Hardy testified that he observed a red Jeep Cherokee vehicle parked in a lot near the intersection. The vehicle's engine was running and the appellant was sitting behind the wheel. The appellant appeared to be unconscious and it took a few moments to awaken him. Hardy detected a strong smell of alcohol on the appellant and in the vehicle.
The officers asked the appellant to step outside of the vehicle. Hardy testified that the appellant stumbled and had to use the vehicle for support. He further testified that the appellant's speech was slurred and that he was unable to perform the field sobriety tests. The appellant was then placed under arrest for driving under the influence of alcohol.
Officer Williams testified that he found three bottles of whiskey in the appellant's vehicle. The appellant was given the Intoxilyzer 5000 breath test to determine his blood alcohol level. The test indicated that the appellant's blood alcohol level was .271%.
The appellant testified in his own behalf at trial. He stated that he drank an alcoholic beverage while driving that evening. He further testified he had seven or eight shots of schnapps and one shot of tequila while he was at a local club that evening. He stated that he left the club and drove about three blocks before he stopped. The appellant said that he then telephoned his parents and asked them to come and get him because he was unable to drive.
 I
The appellant first contends that the evidence presented against him was insufficient to find him guilty of driving under the influence of alcohol. The sole question presented by this case is whether the appellant was in "actual physical control" of his automobile when he was arrested.
 "In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution."
Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985).
This court recently interpreted the term "actual physical control" as that term is used in § 32-5A-191(a). This court stated:
 "It is not necessary to be actually driving in order to be in actual physical control of a vehicle. Sloan v. State, 574 So.2d 975, 978
(Ala.Cr.App. 1990). 'Actual physical control' is exclusive physical power, and present ability, to operate, move, park, or direct whatever use or non-use is to be made of the motor vehicle at the moment. Cagle v. City of Gadsden, 495 So.2d 1144, 1145 (Ala. 1986). Whether one is in 'actual physical control' of a vehicle is determined *Page 1253 
by a totality-of the-circumstances test. Cagle, 495 So.2d at 1145."
Barnett v. State, 671 So.2d 135, 137 (Ala.Cr.App. 1995).
The appellant testified that on the night or his arrest he had been drinking and that he had driven his Jeep to the location where the police found him. The officers found the appellant apparently unconscious in the driver's seat with the vehicle's engine running. The appellant was unable to perform the field sobriety test. The results of the Intoxilyzer 5000 test revealed a blood alcohol level of .271%. There was sufficient evidence in this case for the jury to find that the appellant was in "actual physical control" of his vehicle while under the influence of alcohol.
 II
The appellant next contends that the trial court erred in refusing to give a requested jury instruction. Specifically he contends that the requested charge was a correct statement of the law and was not misleading. The record does not reflect that an objection was made to the trial court's denial of the jury instruction; therefore, the appellant has failed to preserve this issue for review on appeal.
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
Rule 21.2, Ala.R.Crim.P.
 III
Last, the appellant contends that his two prior convictions for driving under the influence were incorrectly used for enhancement purposes at sentencing. Specifically, he contends that the state failed to show that he was represented by counsel in those convictions. In the present case the court was provided with a certified copy of the case action summary sheet, which indicated that the appellant had two prior convictions for driving under the influence.
 "A certified copy of the case action summary sheet shall be admissible in any court of this state as evidence of a conviction or any other action recorded thereon, if evidence of the conviction or other action is otherwise admissible. A certified copy of the case action summary sheet shall be prima facie evidence of the jurisdiction of the court maintaining the sheet, both as to the offense and as to the defendant, and of all the facts recited therein; provided, however, that if the trial court determines that any of the information recorded on the case action summary sheet may be prejudicial to the defendant, the court may admit the case action summary into evidence and inform the jury of the fact of conviction as indicated by the sheet, but not allow the jury to view the prejudicial matters."
Rule 26.9(c)(4), Ala.R.Crim.P.
The trial court correctly received the evidence of these convictions for enhancement purposes at sentencing and used them as provided by § 32-5A-191(e). This section states:
 "On a third conviction within a five-year period, a person convicted of violating this section shall be punished by a fine of not less than one thousand dollars ($1000) nor more than five thousand dollars ($5,000) and by imprisonment, which may include hard labor, in the county or municipal jail for not less than 60 days nor more than one year, to include a minimum of 60 days which shall be served in the county or municipal jail and cannot be probated and suspended. In addition, the Director of Public Safety shall revoke driving privilege or driver's license of the person so convicted for a period of three years."
In regard to the appellant's claim that his prior convictions were not sufficient for enhancement purposes because he was not represented by counsel at the proceedings resulting in those convictions, this court has stated: "When a prior DUI conviction is used for enhancement purposes, the prosecution must establish that the accused was represented by counsel at the prior proceeding *Page 1254 
or that the right to counsel was waived." Moon v. City ofMontgomery, 536 So.2d 139, 141 (Ala.Cr.App. 1988).
The record indicates that the appellant was represented by counsel in the proceeding that resulted in his first conviction. The record also indicates that the appellant waived counsel and also signed a waiver of counsel at the time of his second conviction. Therefore, the prior convictions were correctly used for enhancement purposes as to the appellant's sentence in this case.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.