On Application for Rehearing
This Court's unpublished memorandum and the dissenting opinion of September 17, 1999, are withdrawn, and the following opinion is substituted therefor.
On February 21, 1998, Steven Thrasher was arrested for driving under the influence of alcohol ("DUI"), a violation of §32-5A-191, Ala. Code 1975. On March 4, 1998, the Decatur Municipal Court transferred Thrasher's case to the Morgan County Circuit Court because the municipal court found that Thrasher had at least four prior DUI convictions. On August 21, 1998, the Morgan County grand jury returned an indictment charging Thrasher with felony DUI, a violation of § 32-5A-191(h). On March 9, 1999, the circuit court transferred the case back to the municipal court because it found "that the two prior uncounseled convictions cannot be used by the State to enhance the possible sentence in this felony DUI." (C.R. 10). On March 15, 1999, the state filed this appeal.
The state contends that it does not have to prove that a defendant was represented by counsel or that the defendant knowingly and voluntarily waived counsel in a former DUI misdemeanor proceeding resulting in a conviction in order to use that DUI conviction for sentence enhancement pursuant to §32-5A-191(h), Ala. Code 1975.
Initially, we note that the current DUI statute is a recidivist statute in that the punishment, which is minimal for the first conviction, increases with each conviction and becomes a felony upon fourth or subsequent conviction.[1] In reviewing the application of enhancement statutes, we have *Page 102 
continuously held that the state must prove that the defendant had counsel or that he validly waived counsel. See, e.g.,Terry v. State, 719 So.2d 263 (Ala.Cr.App. 1997) (holding that six prior uncounseled felony convictions could not be used in sentencing the defendant under the Habitual Felony Offender Act).
This Court rejected the state's argument in Farley v. City ofMontgomery, 677 So.2d 1251 (Ala.Cr.App. 1995), stating:
 "In regard to the appellant's claim that his prior convictions were not sufficient for enhancement purposes because he was not represented by counsel at the proceedings resulting in those convictions, this court has stated: `When a prior DUI conviction is used for enhancement purposes, the prosecution must establish that the accused was represented by counsel at the prior proceeding or that the right to counsel was waived.' Moon v. City of Montgomery, 536 So.2d 139, 141 (Ala.Cr.App. 1988)."
677 So.2d at 1253-54. Additionally, in Bilbrey v. State,531 So.2d 27 (Ala.Cr.App. 1987), this Court, in a well-reasoned opinion written by Judge Patterson, held:
 "[W]hen a prior misdemeanor conviction is to be used for enhancement purposes under a recidivist statute, the State must establish that the defendant was represented by counsel or validly waived counsel at the prior proceeding, only if the prior misdemeanor was punishable by more than six months' imprisonment."
531 So.2d at 32.
Our decision in Bilbry v. State, supra, was predicated on the United States Supreme Court's opinion in Baldasar v. Illinois,446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), a per curiam opinion, which held that under the applicable Illinois sentencing-enhancement statute, a prior, uncounseled misdemeanor conviction could not be used to elevate a second misdemeanor conviction to a felony.[2] That case was overruled by Nichols v. UnitedStates, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). In Nichols, supra, the United States Supreme Court overruledBaldasar, holding:
 "[A]n uncounseled misdemeanor conviction, valid under Scott[v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)] because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction."
511 U.S. at 548, 114 S.Ct. at 1928.
The state in its brief to this Court urges us to adopt the reasoning and holding in Nichols. Farley, however, was decided after the United States Supreme Court released its decision inNichols, and we find no reason to abandon the rule requiring that the state prove that a defendant was represented by counsel or that he or she validly waived counsel in order to use a prior DUI conviction for enhancement, as set forth in Farley andBilbrey. We acknowledge that the Alabama Supreme Court has stated that "[i]n misdemeanor cases, . . ., the right [to counsel] applies only when the defendant is actually sentenced to jail." Ex parteReese, 620 So.2d 579, 580 (Ala. 1993). However, we do not conclude, as the state urges us to do that Reese stands for the proposition that "a prior uncounseled conviction for which the defendant received no jail time could be used for sentence enhancement." *Page 103 
(State's brief on application for rehearing at pp. 7-8.) The record in this case is silent as to the sentences imposed with regard to the two uncounseled prior DUI convictions. Therefore, even if we did conclude, which we do not, that the state's reading of Reese is correct, there is no evidence in the record as to the sentences imposed with regard to the two prior uncounseled DUI convictions.
Moreover, so long as this Court does not impose greater restrictions upon a defendant's due process rights than the United States Supreme Court determines the United States Constitution allows, this Court may interpret our Constitution to afford broader and greater protections of an individual's due process rights than the minimal federal standards. See State v. Hill,690 So.2d 1201, 1207 n. 3 (Ala. 1996); and Vogel v. State,426 So.2d 882 (Ala. 1982) (Faulkner, J., concurring specially), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335
(1983). In the interest of fundamental fairness, we conclude, as we did in Farley, that if the state intends to use a prior DUI conviction for enhancement purposes, the state must establish that the accused was represented by counsel at the prior DUI proceeding or that the defendant waived the right to counsel.
In the present case, the state and Thrasher agree that the state was unable to establish that Thrasher was represented by counsel at the proceedings resulting in two of the DUI convictions or that he had voluntarily waived counsel. Consequently, we conclude as we did in Farley, that the trial court correctly determined that two of Thrasher's convictions could not be used for enhancement purposes.
However, we conclude that the circuit court erred in transferring Thrasher's case to municipal court. The Alabama Supreme Court, in an opinion issued on application for rehearing in Ex parte Formby, 750 So.2d 587, 590-91 (Ala.Cr.App. 1999), held that "the Legislature's enactment of § 32-5A-191(h) made jurisdiction over a fourth or subsequent DUI charge appropriate in the circuit court, because the offense charged — a fourth or subsequent DUI offense — is a felony. . . . Prosecutions for felony DUI offenses should have been, and should continue to be, in the circuit court." Accordingly, the circuit court, regardless of its finding that two of Thrasher's prior DUI convictions could not be used for enhancement purposes, maintained jurisdiction over the charged DUI offense.
Based on the foregoing, the order of the circuit court transferring Thrasher's case to the municipal court is hereby reversed and the case is remanded to the circuit court for further proceedings consistent with this opinion.
APPLICATION GRANTED; MEMORANDUM AND DISSENTING OPINION, OF SEPTEMBER 17, 1999, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.
[1] The only exception is that if the second conviction occurs more than five years after the first conviction, then the punishment is the same for a first DUI conviction. See §32-5A-191(f).
[2] The year before it decided Baldasar, the Supreme Court, inScott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383
(1979), held that a defendant charged with a misdemeanor had no Sixth Amendment right to counsel where no sentence of imprisonment was imposed.