783 So.2d 103 (2000)
Ex parte State of Alabama.
(Re STATE
v.
Steven Keith THRASHER).
1990568.
Supreme Court of Alabama.
August 11, 2000.
*104 Bill Pryor, atty. gen., and G. Ward Beeson, asst. atty. gen., for petitioner.
Brent M. Craig of Craig & Craig, P.C., Decatur, for respondent.
MADDOX, Justice.
The sole question presented by this case is whether a prior uncounseled conviction for driving under the influence of alcohol ("DUI") can be used to enhance a defendant's sentence, where the prior uncounseled DUI conviction was a misdemeanor for which the defendant received no jail *105 time. The Court of Criminal Appeals held that the trial court "correctly determined that two of Thrasher's convictions could not be used for enhancement purposes." State v. Thrasher, 783 So.2d 100, 103 (Ala. Crim.App.1999). We disagree.
Many of the facts relating to the issue presented in this case are contained in the opinion of the Court of Criminal Appeals, and we set out here a few of those facts for a better understanding of the reason we reverse that Court's judgment.
On February 21, 1998, Steven Keith Thrasher was issued a traffic ticket charging him with driving under the influence of alcohol, a violation of § 32-5A-191(a)(2), Ala.Code 1975. On March 4, 1998, the Decatur Municipal Court transferred the case to the Morgan Circuit Court for prosecution as a "felony DUI," under § 32-5A-191(h), Ala.Code 1975, because Thrasher had had at least three prior DUI convictions.
On August 21, 1998, the Morgan County Grand Jury returned an indictment charging Thrasher with felony DUI and alleging 4 prior DUI convictions: 1) an uncounseled guilty-plea conviction on March 16, 1981, for which he was fined $114, but not given a jail sentence, suspended or otherwise; 2) an uncounseled guilty-plea conviction on February 20, 1984, for which he was fined $500 and sentenced to 48 hours in jail; 3) a counseled guilty-plea conviction on May 15, 1992, for which he was fined $500 and was sentenced to 30 days in jail, with 28 days suspended and 48 hours served; and 4) a counseled guilty-plea conviction on October 28, 1993, for which he was fined $750 and was sentenced to 60 days in jail, with 50 days suspended and 10 days served, followed by 18 months' probation.
When the parties appeared for trial on March 9, 1999, the circuit court required the State to prove Thrasher's prior DUI convictions it intended to use to enhance Thrasher's sentence. The circuit court found that two of Thrasher's four prior DUI convictions, the March 16, 1981, conviction and the February 20, 1984, conviction, were "uncounseled," meaning that the record did not show that Thrasher had been represented by counsel or that he had voluntarily waived his right to counsel; the court held that the State could not use those two prior convictions to enhance the possible sentence in Thrasher's case. Consequently, the circuit court transferred the case back to the municipal court.
The State appealed this pretrial ruling to the Court of Criminal Appeals. The State argued that an uncounseled prior conviction can be used for enhancement if the conviction is a misdemeanor for which the defendant received no jail time. The Court of Criminal Appeals rejected this argument. The Court of Criminal Appeals recognized that this Court has stated that "[i]n misdemeanor cases ... the right [to counsel] applies only when the defendant is actually sentenced to jail," Ex parte Reese, 620 So.2d 579, 580 (Ala.1993), but it rejected the State's argument that Reese stands for the proposition that a prior uncounseled conviction for which the defendant received no jail time could be used for sentence enhancement.
In this present case, the Court of Criminal Appeals based its decision, in part, on the fact that the record was silent as to the sentences imposed on Thrasher for the two prior uncounseled-DUI-misdemeanor convictions in question. However, in its application for rehearing in the Court of Criminal Appeals, the State argued that a supplemental record filed in the case showed that Thrasher received no jail time for his March 1981 and February 1984 convictions, and the defendant, in his brief filed in this Court, does not refute *106 this argument. However, that supplemental record shows that Thrasher was sentenced to 48 hours in jail for his February 1984 conviction. The Court of Criminal Appeals also based its decision in this case on its own prior decision in Bilbrey v. State, 531 So.2d 27 (Ala.Crim.App.1987), which held that when a prior misdemeanor conviction is to be used for enhancement purposes under a recidivist statute, the State must establish that the defendant was represented by counsel or validly waived counsel at the prior proceeding, only if the prior misdemeanor was punishable by more than six months' imprisonment. See 531 So.2d at 32. It is apparent from a reading of the Bilbrey case that it was predicated on the United States Supreme Court's opinion in Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), which held that under the applicable Illinois sentencing-enhancement statute, a prior uncounseled misdemeanor conviction could not be used to elevate a second misdemeanor conviction to a felony conviction. Baldasar, however, was subsequently overruled by Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). Nichols held that an uncounseled misdemeanor conviction, where the defendant did not receive a prison term, could be used to enhance a defendant's punishment upon a subsequent conviction. See 511 U.S. at 748, 114 S.Ct. 1921.
Despite the overruling of Baldasar, the Court of Criminal Appeals held, in this case, that if the State intends to use any prior DUI conviction for enhancement purposes, the State must establish that at the prior DUI proceeding the accused was represented by counsel or waived the right to counsel. The Court of Criminal Appeals stated that as long as it did not impose greater restrictions upon a defendant's due-process rights than the United States Supreme Court determines the United States Constitution allows, the Court of Criminal Appeals may interpret the Alabama Constitution to afford an individual due-process rights that are broader and greater than the minimal due-process rights provided by the federal standards.
Although we agree with the Court of Criminal Appeals' general statement that the Alabama Constitution may afford a defendant greater due-process protections than the Constitution of the United States provides, we disagree with that court's holding that before the State may use a prior misdemeanor-DUI conviction to enhance a defendant's sentence, the record must show that at the prior proceeding the defendant was represented by counsel or knowingly and voluntarily waived counsel.
The State, in order to use a prior DUI misdemeanor conviction to enhance a defendant's DUI sentence, need not prove that in the earlier proceeding the defendant was represented by counsel or knowingly and voluntarily waived counsel, if in the prior proceeding the defendant did not receive a jail term. This position is based on the reasoning of the United States Supreme Court in Nichols, and we adopt that reasoning; we conclude that under the circumstances presented by this particular case the Alabama Constitution does not afford a defendant greater due-process protections than the Federal Constitution.
Based on the foregoing, we conclude that the Court of Criminal Appeals erred in holding that the State could not use Thrasher's March 1981 uncounseled DUI conviction because, upon that conviction, Thrasher was not sentenced to a jail term. Therefore, the Court of Criminal Appeals' judgment is due to be reversed insofar as it held the State could not use the March 1981 conviction, and the cause is to be remanded for the Court of Criminal *107 Appeals to order proceedings consistent with this opinion.
We conclude that the circuit court's order transferring the case back to the municipal court was properly reversed, based on this Court's holding in Ex parte Formby, 750 So.2d 587 (Ala.1999), because it appears that Thrasher has three prior DUI offenses that can be used to enhance his sentence under § 32-5A-191, Ala.Code 1975; because of the three prior DUI convictions, the circuit court had jurisdiction over Thrasher's case. We affirm that portion of the Court of Criminal Appeals' judgment reversing the circuit court's order transferring the case to the municipal court, although we do not necessarily agree with the reasoning of the Court of Criminal Appeals on this issue.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOOPER, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
COOK, J., dissents.
COOK, Justice (dissenting).
I dissent from the conclusion in the main opinion that an uncounseled prior misdemeanor conviction in which a sentence of imprisonment was not imposed can be subsequently used for the purpose of enhancement. On this issue, I agree with the opinion of Judge Fry. State v. Thrasher, 783 So.2d 100 (Ala.Crim.App.1999). The Court of Criminal Appeals in Farley v. City of Montgomery, 677 So.2d 1251 (Ala. Crim.App.1995), and Bilbrey v. State, 531 So.2d 27 (Ala.Crim.App.1987), adopted the rule that when a prior conviction is used for the purpose of enhancement the state must prove either that the accused was represented by counsel at the prior proceeding or that counsel was waived; that rule is fundamentally sound. That rule provides a bright-line test that avoids the conflict in logic of a rule that forbids a sentence of imprisonment based on an uncounseled misdemeanor conviction but allows, through the sentence-enhancement mechanism, the imposition of a longer sentence of imprisonment based on that same uncounseled misdemeanor conviction.