2003 UT App 95

**STATE of Utah, Plaintiff and Appellee,**

v.

**Everardo GUTIERREZ, Defendant and Appellant.**

**No. 20020232–CA.**

Court of Appeals of Utah.

April 3, 2003.

a knowing and voluntary waiver of a fundamental right.

Margaret P. Lindsay, Aldrich, Nelson, Weight & Esplin, Provo, for Appellant.

Mark L. Shurtleff, Atty. Gen., and J. Frederic Voros Jr., Asst. Atty. Gen., Salt Lake City, for Appellee.

Before JACKSON, P.J., GREENWOOD, and ORME, JJ.

## OPINION

JACKSON, Presiding Judge:

¶ 1 Gutierrez appeals the denial of his motion to dismiss enhancement of DUI charges. We affirm.

## BACKGROUND

¶ 2 Between 1994 and 2000, Gutierrez pleaded guilty to four alcohol-related driving offenses. In 2001, Gutierrez was charged with one count of driving under the influence of alcohol and/or drugs with prior convictions, a third degree felony, in violation of Utah Code Ann. § 41–6–44 (Supp.2001). This count was enhanced from a class B misdemeanor to a third degree felony based on Gutierrez's four prior alcohol-related driving offenses. Gutierrez filed a motion to dismiss the enhancement of the DUI charge, claiming that he was denied the assistance of counsel in entering his 1999 guilty plea and that the plea was involuntary. The trial court determined that Gutierrez's crime was subject to enhancement regardless of the 1999 plea because he had been convicted of three other alcohol-related driving offenses within the past ten years.

---

**1.** Gutierrez's attack on his prior convictions is collateral by definition because he seeks "to deprive them of their normal force and effect in a proceeding that [has] an independent purpose

¶ 3 Gutierrez renewed his motion claiming error in three of the four previous guilty pleas. The trial court again denied Gutierrez's motion, ruling that at least two of the three pleas were valid. Gutierrez now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 4 To enhance a DUI conviction from a class B misdemeanor to a third degree felony, a court must find that the defendant has been previously convicted of driving under the influence of alcohol or drugs two or more times within ten years of the current conviction. *See* Utah Code Ann. § 41–6–44(2), (6) (Supp.2001). We review conclusions of law for correctness and give "no particular deference to the trial court's decision." *James v. Galetka,* 965 P.2d 567, 570 (Utah Ct.App. 1998).

## ANALYSIS

¶ 5 Gutierrez challenges the validity of his 1994 and 1999 convictions. He argues these pleas were not voluntary and therefore cannot be used for enhancement purposes.

### I.  1994 Plea

¶ 6 Gutierrez asserts that his 1994 plea was not voluntary because the trial court did not conduct an adequate colloquy, as required by rule 11 of the Utah Rules of Criminal Procedure, to determine whether he was entering the plea voluntarily. Generally, a defendant may withdraw a guilty plea unless a court strictly complies with the requirements of rule 11. *See State v. Gibbons,* 740 P.2d 1309, 1313 (Utah 1987); *State v. Ostler,* 2000 UT App 28,¶ 10, 996 P.2d 1065 (stating "trial court must strictly adhere to Rule 11(e)").

¶ 7 Although a court cannot use "an involuntary guilty plea ... to enhance or support a subsequent conviction," *State v. Branch,* 743 P.2d 1187, 1192 (Utah 1987), on collateral attacks strict compliance with rule 11 is not necessary.[1] *See State v. Triptow,*

other than to overturn the prior judgments." *Parke v. Raley,* 506 U.S. 20, 30, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992).

770 P.2d 146, 149 (Utah 1989). The plea will be upheld if it was entered voluntarily. *See id.* Moreover, once the State has proven a prior conviction, a presumption of regularity arises, and the burden shifts to the defendant to produce "some evidence" of involuntariness. *Id.* Upon a showing of some evidence of involuntariness, the burden shifts back to the State to prove voluntariness by a preponderance of the evidence. *See id.*

■ ¶ 8 On a collateral attack, a plea entered with the benefit of counsel is "presumed to have been voluntary" absent evidence demonstrating lack of voluntariness. *Branch,* 743 P.2d at 1192. Gutierrez produced no evidence demonstrating involuntariness. Accordingly, we conclude the 1994 plea was voluntary. *See State v. Pooler,* 2002 UT App 299,¶ 7, 56 P.3d 979 (affirming trial court's denial of motion to strike prior convictions where State properly introduced evidence of defendant's prior DUI convictions and defendant produced no evidence to rebut the presumption of regularity).

### II. 1999 Plea

¶ 9 Gutierrez also claims his 1999 plea was involuntary. In support of this assertion, Gutierrez produced an affidavit, which he claims rebuts the presumption of regularity that applies to his 1999 conviction. Gutierrez's affidavit asserts that the judge did not inform him of his right to counsel, that he was not offered the assistance of a public defender, that he did not read the papers before signing them, and that the judge did not explain his right to· confront the witnesses against him or to call witnesses on his own behalf.

■ ¶ 10 Utah law is silent as to whether a self-serving affidavit is sufficient to overcome the presumption of regularity afforded previous convictions. We are persuaded by analysis from other jurisdictions, however, that such an affidavit, by itself, is insufficient to invalidate a prior conviction.[2]

¶ 11 We are further persuaded by analysis from other jurisdictions that a defendant seeking to rebut the presumption of regularity must produce a transcript, testimony regarding taking of the plea, a docket sheet, or other affirmative evidence. *See, e.g., Robinson v. State,* 649 So.2d 1331, 1332 (Ala.Crim. App.1994) (using stamped notation on docket sheet to refute defendant's contention that he was not informed of and did not waive right to counsel where record was otherwise silent); *Collins v. State,* 258 Ga.App. 400, 574 S.E.2d 423, 426 (2002) (refusing defendant's mere assertion that plea was entered unknowingly and requiring defendant to produce a transcript, testimony regarding taking of plea, or other affirmative evidence to rebut presumption of regularity).

■ ¶ 12 Gutierrez's 1999 plea was entered in the Springville Justice Court, which is not a court of record. Nevertheless, Gutierrez could have produced testimony from those who were present regarding the taking of his plea, the court's docket sheet, or other affirmative evidence. Instead, Gutierrez chose to rely solely on a self-serving affidavit asserting his plea was unconstitutional. We hold that his affidavit is not sufficient to overcome the presumption of regularity established in *Triptow.* A defendant must demonstrate the involuntariness of his plea

2. *See, e.g., People v. Soto,* 46 Cal.App.4th 1596, 54 Cal.Rptr.2d 593, 599 (1996) (holding that defendant's conclusory allegations were insufficient to invalidate conviction); *Odiaga v. State,* 130 Idaho 915, 950 P.2d 1254, 1256 (1997) (concluding defendant's guilty plea was constitutionally valid where his claims amounted to " 'bald and unsupported allegation[s] . . ., unsubstantiated by any fact' ") (alteration and omission in original) (citation omitted); *Commonwealth v. Lopez,* 426 Mass. 657, 690 N.E.2d 809, 812 (1998) (refusing to accept "defendant's self-serving affidavit, alleging constitutional defects in conclusory terms" as a credible reason to withdraw guilty plea); *Beltowski v. State,* 289 Minn.

215, 183 N.W.2d 563, 564 (1971) (affirming trial court's denial of petition for post-conviction relief where defendant's claims either had been previously litigated or were "argumentative assertions without factual support"); *State v. O'Neil,* 91 N.M. 727, 580 P.2d 495, 497 (Ct.App. 1978) (concluding that defendant's allegations did not invalidate prior conviction because they "were no more than unsupported claims"); *People v. Keller,* 198 A.D.2d 911, 604 N.Y.S.2d 461, 462 (N.Y.App.Div.1993) (holding that defendant's unsupported assertions regarding his mental competence to plead guilty were insufficient to prove his conviction was "constitutionally infirm").

by some evidentiary method other than his own bare assertions.

## CONCLUSION

¶ 13 Gutierrez failed to rebut the presumption of regularity afforded his 1994 conviction because he did not produce any evidence that he entered his plea involuntarily. Similarly, Gutierrez failed to rebut the presumption afforded his 1999 conviction because he did not produce any evidence, other than his own self-serving affidavit, to support his claim that he entered the plea involuntarily. Accordingly, we affirm the trial court's denial of Gutierrez's motion to dismiss enhancement of DUI charges.

¶ 14 WE CONCUR: PAMELA T. GREENWOOD and GREGORY K. ORME, Judges.