Cynthia Minnifield, the appellant, was convicted of assault in the third degree and was sentenced to 45 days in the city jail. *Page 404 
That conviction must be reversed because she was denied her constitutional right to the assistance of counsel.
 The court reporter's transcript begins as follows:
"PROCEEDINGS
"(Bench conference)
 "THE COURT: All right. We're ready to strike a jury now on Cynthia Minnifield.
 "MR. CLAYTON [an attorney]: Judge, it would appear that Ms. Minnifield may be looking at some jail time. In fact, I would say it's very probable. And I don't know anything about the case, other than what her sentence was in city court, and how long it's been pending or anything else. But she says that at her job now she's making more money and she can afford to hire a lawyer but she needs a little time to do that. And, you know, I told her I don't know if you will consider it. I don't know any of the circumstances.
 "THE COURT: Well, I've had the witnesses sitting down here for two days now.
 "MR. BROWN [city prosecutor]: Are we coming back Thursday?
"THE COURT: Not if I get rid of this one.
 "MR. BROWN: So the one that you said you had held over until Thursday, you're going to continue?
 "THE COURT: Yes. I held one over. Find out if that case, if —
"MR. BROWN: Ken White is the lawyer.
 "THE COURT: — if he's still in that trial up there. That's all I want to know. If he's still in it and it's still going, I'm not going to bring this jury back just for the sake of one trial where the lawyer might not be here.
 "MR. BROWN: Judge, this is the situation. Ms. Stark, the complaining witness, is Randy Haynes' aunt, so we had to bring a Judge in to try the case.
 "THE COURT: Why don't y'all sit down and try to talk about the case for about five or ten minutes and see if there's anything you can do to dispose of it? It's not going to be one you can dispose of?
 "MR. BROWN: Russell Corporation is highly bent out of shape about this case. This lady is a supervisor. The defendant — she asked the defendant to do something, and the defendant beat the hell out of her on the premises.
"THE COURT: On the premises.
"MR. CLAYTON: I think that's the allegation.
 "MR. BROWN: That's the allegation. Well, [in municipal court] she got forty five days on one [assault in the third degree] and thirty on the other [criminal mischief].
 "THE COURT: Well, I don't think that's such an amount that it would require a lawyer.
 "MR. CLAYTON: I just noticed that — picked up on that, you know, if she's found guilty it will probably involve some jail time. And I just normally —
 "THE COURT: That's not such an amount of jail time that I think the Constitution would require counsel. It's not just a matter of any jail time.
It's a matter of —
 "MR. CLAYTON: Well, I mean, I just wanted to make the court aware of that.
"MR. BROWN: Mack [Clayton] is in a bad situation.
 "MR. CLAYTON: I just want the record to be very clear.
"THE COURT: Okay. It will be very clear.
"(Bench conference concluded)
 "THE COURT: Okay. The case for trial is the case of Cynthia Minnifield. Ms. Minnifield is charged with criminal mischief in the third degree, assault in the third degree. Ms. Minnifield is present in court. Would you stand, please, Ms. Minnifield, so the jury can see you?
"(Defendant complies)
 "THE COURT: Okay. Now, she does not have an attorney. I have asked Mr. Mack Clayton who practices law here in Alexander City to sit with her during the process of striking the jury. He does *Page 405 not represent her. She does not have counsel, and he is not in any way responsible for the conduct of the case other than simply lending administrative assistance and telling her how to go about the process of choosing a jury to guide her through the technical steps of choosing a jury." R. 3-6 (emphasis added).
The appellant was convicted and was sentenced on September 1, 1992, at which time she gave oral notice of appeal. On September 4, 1992, the trial court entered an order appointing attorney Robin Reynolds "to represent the Defendant on any post-trial remedies." CR. 16. That order was filed in the circuit clerk's office on September 11, 1992. On that same date, the appellant, through appointed counsel, filed a motion requesting that her appeal be dismissed because the trial court had reconsidered her sentence and allowed her "to serve her jail sentence on weekends beginning every other Friday." CR. 15. That motion was granted that same date.
On September 10, 1992, the trial court entered the following order:
 "On motion of Honorable Robin Reynolds, the Motion to Dismiss the Appeal in this case is withdrawn. The Court notes the Motion was improperly filed in this Court rather than in the Court of Criminal Appeals but is of the opinion that proper notice of appeal has been given and the case has been appealed by the Defendant.
 "On oral motion of Honorable Robin Reynolds, the said attorney is relieved of any further responsibilities in this matter. Because of the nature of the case, which involves a misdemeanor conviction with a relatively short sentence, the Defendant is not entitled to Court-appointed counsel, either at the trial level or the appella[te] level.
 "If the Defendant contends that she is unable to pay for a transcript of the trial court proceedings, the Defendant should immediately file an appropriate motion for a free transcript, support[ed] by an appropriate affidavit of indigency. Otherwise, the Defendant should make immediate arrangements with the Court Reporter for a transcript of the trial proceedings for the purposes of the appeal." CR. 17-18 (emphasis added).
On October 13, 1992, the appellant filed a request to proceed in forma pauperis. That motion was granted that same date. CR. 2, 23. On October 16, 1992, attorney Rose Sanders filed a notice of appearance as attorney for the appellant.
"Lawyers in criminal cases 'are necessities, not luxuries.' Their presence is essential because they are the means through which the other rights of the person on trial are secured. Without counsel, the right to a trial itself would be 'of little avail,' as this Court has recognized repeatedly."United States v. Cronic, 466 U.S. 648, 653-54, 104 S.Ct. 2039,2043-44, 80 L.Ed.2d 657 (1984) (footnotes omitted). "The right of an accused to counsel is beyond question a fundamental right. . . . Without counsel the right to a fair trial itself would be of little consequence, . . . for it is through counsel that the accused secures his other rights." Kimmelman v.Morrison, 477 U.S. 365, 377, 106 S.Ct. 2574, 2584,91 L.Ed.2d 305 (1986). See also Powell v. Alabama, 287 U.S. 45, 71,53 S.Ct. 55, 65, 77 L.Ed. 158 (1932).
 " '[T]he prospect of imprisonment for however short a time will seldom be viewed by the accused as a trivial or "petty" matter and may well result in quite serious repercussions affecting his career and his reputation.'
 "We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."
Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012,32 L.Ed.2d 530 (1972) (footnotes omitted). "We reject, therefore, the premise that since prosecutions for crimes punishable by imprisonment for less than six months may be tried without a jury, they may also be tried without a lawyer." Argersinger,407 U.S. at 30-31, 92 S.Ct. at 2009. "[A]ctual imprisonment is a penalty different in kind from fines or *Page 406 
the mere threat of imprisonment . . . and this warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel." Scott v.Illinois, 440 U.S. 367, 373, 99 S.Ct. 1158, 1162,59 L.Ed.2d 383 (1979). "[C]onviction of an uncounseled criminal defendant is constitutionally permissible, so long as the defendant is not sentenced to a term of imprisonment. If an uncounseled defendant is sentenced to prison [or jail], the conviction itself is unconstitutional." United States v. Eckford,910 F.2d 216, 218 (5th Cir. 1990). "The right of a defendant to counsel in misdemeanor cases is limited to instances where the defendant was actually sentenced to jail." Loyd v. Director,Department of Public Safety, 480 So.2d 577, 578
(Ala.Civ.App. 1985).
Here, the trial court did not simply deny the appellant a continuance so that she could obtain counsel. CompareSimpson v. State, 465 So.2d 472 (Ala.Cr.App. 1984), cert. denied, 465 So.2d 474 (Ala. 1985). In this case there was no inquiry as to why the appellant had not retained counsel or what efforts she had made in an attempt to do so. Here, the trial court denied the appellant access to counsel on the basis that she was not entitled to counsel because she was not facing "enough" jail time. This was gross error.
 " 'A waiver of counsel can only be effectuated when the defendant asserts a "clear and unequivocal" right to self-representation.' Westmoreland v. City of Hartselle, 500 So.2d 1327, 1328 (Ala.Cr.App. 1986), citing Faretta [v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)] If the record is not clear as to the defendant's waiver and request of self-representation, the burden of proof is on the State. Carnley [v. Cochran, 369 U.S. 506, 517, 82 S.Ct. 884, 890-891, 8 L.Ed.2d 70 (1962)]. Presuming a waiver from a silent record is impermissible. Carnley."
Tomlin v. State, 601 So.2d 124, 128 (Ala. 1991).
The judgment of the circuit court is reversed and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.