MADDOX, Justice.
This Court granted the State’s petition for a writ of certiorari to review whether the Court of Criminal Appeals erred in reversing the trial court’s judgment convicting Kelvin Parish on his guilty plea entered on a charge of unlawful distribution of a controlled substance; the offense occurred within three miles of a school. See, Parish v. State, 660 So.2d 227 (Ala.Crim.App.1993).
The trial court first granted youthful offender status to Parish; it later denied that status, because the offense occurred within three miles of a school. The trial court stated:
“The court finds in this case that the mandatory additional five years with no probation [required by the enhancement statute] would conflict with the confines of the Youthful Offender range of punishment and available probation. Therefore, this case is to be placed upon the trial calendar for further disposition of the defendant as an adult.”
[R. 61.] Before the trial court received Parish’s guilty plea, it told Parish that the applicable punishment was imprisonment within a range from a minimum of 5 years to a maximum of 20 years, and a fine of up to $10,000. Parish pleaded guilty, and on that plea, the trial court adjudged him guilty. Parish was then sentenced to 10 years’ imprisonment; this included an enhancement of 5 years pursuant to § 13A-12-250, Ala.Code 1975, because the sale took place within 3 miles of a school.
*232 Parish’s offense, a class B felony, ordinarily would carry a minimum sentence of 2 years and a maximum sentence of 20 years. Because the offense took place within 8 miles of a school, however, Parish’s sentence was to be enhanced by an additional 5 years. Therefore, the correct sentence range was a minimum of 7 years and a maximum of 25 years, not a minimum of 5 years and a maximum of 20 years. Parish appealed.
In its original opinion, dated September 30,1992, the Court of Criminal Appeals held, on the authority of Willis v. State, 500 So.2d 1324 (Ala.CrimApp.1986), that the issue raised by Parish — whether he was entitled to a reversal because he had been misinformed of the minimum and maximum sentences he could receive — was procedurally barred because Parish had failed to object at the guilty plea proceeding, in a motion for new trial, or in a motion to withdraw his guilty plea. In response to Parish’s application for rehearing, the Court of Criminal Appeals on April 23, 1993, withdrew its September 30, 1992, opinion and substituted a new opinion. Parish v. State, 660 So.2d 227 (Ala.Crim.App.1993) (on rehearing). In that substituted opinion the Court of Criminal Appeals reversed the trial court’s judgment of conviction on the authority of Ex “parte Rivers, 597 So.2d 1308 (Ala.1991). The Court of Criminal Appeals, “in reliance on Rivers, [stated] that [Parish’s] sentencing misinformation [was] properly before [the] court, despite [Parish’s] failure to object at the plea proceeding, to move for a new trial, or to move to withdraw his guilty plea.” 660 So.2d at 230. The Court of Criminal Appeals held that “because the appellant was not correctly informed of the minimum and maximum possible sentences, his sentence was void, although it fell within the correct permissible range of sentence.” 660 So.2d at 230.
This Court has today addressed a similar issue in another case, noting that “the case law is conflicting as to when and under what circumstances a defendant is precluded from raising, on appeal, or in a post-conviction proceeding ..., a failure of the trial judge to follow the procedural requirements for the entry of a plea of guilty.” Cantu v. State, 660 So.2d 1026, 1028 (Ala.1994) (on application for rehearing). In Cantu, the defendant, pursuant to the provisions of Rule 32, Ala.R.Crim.P., sought to raise an issue regarding the voluntariness of his plea of guilty. This Court held that even though the defendant could have filed a motion under the provisions of Rule 14, Ala.R.Crim.P., to withdraw a plea of guilty and could have appealed a trial court’s ruling on such a motion, the defendant would not be precluded from raising in a Rule 32 proceeding a question of the voluntariness of the guilty plea, if the defendant’s Rule 32 petition was brought within the two-year limitations period of Rule 32.2(e), Ala.R.Crim.P.
In Gordon v. Nagle, 647 So.2d 91 (Ala.1994), this Court, answering a certified question from the United States Court of Appeals for the Eleventh Circuit, said that the confusion relating to when and under what circumstances a defendant could be precluded from raising a question about the voluntariness of a guilty plea was caused by a misinterpretation of the original holding in Rivers. In Gordon v. Nagle, we held that Rivers did not hold that compliance with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), was jurisdictional. 647 So.2d at 93.
We reverse the judgment of the Court of Criminal Appeals holding that Parish’s sentence was void, and we remand the cause for further proceedings consistent with this opinion and our opinions in Gordon v. Nagle and Cantu.
REVERSED AND REMANDED.*
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL, KENNEDY, INGRAM and COOK, JJ., concur.

 Note from the reporter of decisions: On July 7, 1995, after remand from the Supreme Court of Alabama, the Court of Criminal Appeals entered a judgment "affirmed" (without opinion) in case CR-90-1285.