TAYLOR, Judge
(concurring specially in unpublished memorandum).
I concur in the result only of the unpublished memorandum in this case. The majority states that the appellant’s issue concerning the failure of the trial court to comply with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), when conducting the guilty plea was not preserved for our consideration because no objection was made at the trial. However, the Alabama Supreme Court has recently held: “The question of the voluntariness of a guilty plea in a failure-to-advise case may be raised upon direct appeal or it may be raised collaterally under Rule 32 if it is raised within the limitations period of Rule 32.2(c), AR.Crim.P.” Gordon v. Nagle, [Ala.Sup.Ct. docket no. 1921941, March 25, 1994].* See also Cantu v. State, [Ms. 1920426, April 15, 1994] 1994 WL 129749 (Ala.1994); Bennett v. State, [Ala.Sup.Ct. docket no. 1930083, April 15, 1994] **; Ex parte Parish, [Ms. 1921181, April 15, 1994] 1994 WL 128995 (Ala.1994).
After reviewing the transcript of the appellant’s guilty plea proceeding, I find that the requirements of Boykin were met. Therefore, I concur in the affirmance of the appellant’s conviction.

 Note from the reporter of decisions: On September 30, 1994, the Alabama Supreme Court withdrew its March 25, 1994, opinion in Gordon v. Nagle and substituted another one. See 647 So.2d 91, 96 (Ala.1994).

 Note from the reporter of decisions: On July 15, 1994, the Alabama Supreme Court withdrew its April 15, 1994, opinion in Bennett v. State and substituted another one. See 649 So.2d 214 (Ala.1994).