TAYLOR, Judge.
The appellant, James Michael Stinson, pleaded guilty to the unlawful distribution of a controlled substance, cocaine, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to seven years’ incarceration, which included a five-year enhancement pursuant to § 13A-12-250, Code of Alabama 1975, because the sale occurred within a three-mile radius of a school.
The state’s evidence tended to show that on August 26, 1992, members of the Montgomery Police Department used a confidential informant to make a controlled drug buy at the residence located at 111 Felder Avenue, Montgomery, Alabama. The informant went to the residence to purchase drugs wearing a wire transmitter, through which the police could hear any conversations. The informant talked to the appellant upon his arrival, and gave him $200. The appellant left the residence for approximately one hour and then returned and gave the informant a white powdery substance, later determined to be 2.8 grams of cocaine.
The appellant raises several issues concerning the enhancement of his sentence under § 13A-12-250,[1] Code of Alabama (1975), which imposes an additional penalty of five years’ imprisonment to any other penalty for the unlawful sale of a controlled substance occurring within a three-mile radius of a school campus.
I
The appellant contends that because § 13A-12-250 refers to the unlawful “sale” of a controlled substance, it is inapplicable because, he says, he acted merely as a “buyer’s agent,” instead of a “seller” of a controlled substance. Ex parte Mutrie, 658 So.2d 347 (Ala.1993). In Ex parte Mutrie, the court held that §§ 13A-12-250 and 13A-12-270 do not apply to convictions for “distribution” of a controlled substance under § 13A-12-211, unless the defendant is found to have sold, or to have collaborated or associated with the seller to sell, a controlled substance.
The appellant pleaded guilty to unlawful distribution of a controlled substance, stating that he sold drugs. The record shows the following:
*1009 “COURT: What did you do?
“DEFENDANT: Illegal distribution of a controlled substance.
“COURT: What did you do?
“DEFENDANT: I sold cocaine.
“COURT: Sold cocaine. Okay. I accept your plea, find you guilty, pass the case to October 29. Get me a presentence.”
Section 13A-12-211(a) states: “A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V.”
The appellant stated that he sold cocaine and the trial court adjudicated the appellant guilty of selling cocaine. The appellant’s actions constituted a sale for purposes of applying the enhancement statute pursuant to § 13A-12-250.
II
The appellant further asserts that the enhancement statute, § 13A-12-250 is unconstitutional. The record indicates, however, that the appellant did not object on this basis at trial; thus, he has preserved nothing for appellate review. Harrison v. State, 615 So.2d 1249 (Ala.Cr.App.1993); Eddings v. State, 571 So.2d 388 (Ala.Cr.App.1990).
Even had this issue been preserved for review, we note that this court has consistently upheld § 13A-12-250 against constitutional attacks. Burks v. State, 611 So.2d 487 (Ala.Cr.App.1992); Hansen v. State, 598 So.2d 1 (Ala.Cr.App.1991); Jackson v. State, 570 So.2d 874 (Ala.Cr.App.1990).
III
The appellant also asserts that his guilty plea was not voluntarily entered because, he says, he was misinformed about the minimum and maximum sentence he might receive as a result of pleading guilty. During sentencing, he was instructed that the minimum sentence was 2 years and that the maximum sentence was 20 years. However, the enhancement provision of § 13A-12-250 was applied and the appellant’s minimum sentence included a five-year enhanced sentence — his minimum sentence was seven years. The appellant therefore was not told the correct sentence at his guilty plea hearing.
The Supreme Court of Alabama has reversed this court on this issue on three occasions, holding that the Court of Criminal Appeals could review this issue although no objection was made at the plea proceeding and there was no motion for a new trial or motion to withdraw the plea, because this issue involves the voluntariness of the appellant’s plea. Ex parte Parish, 660 So.2d 231 (Ala.1994); Cantu v. State, 660 So.2d 1026 (Ala.1994); Gordon v. Nagle, 647 So.2d 91 (Ala.1994).
The United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), established procedural due process requirements that must be met before a guilty plea can be considered voluntarily and intelligently entered. These requirements have been incorporated into Rule 14.4(a), A.R.Crim.P., which states in part:
“[T]he court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
“(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
[[Image here]]
“(ii) the mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions.... ”
(Emphasis added.) The court, pursuant to Rule 14.4, was required to inform the appellant of the applicability of the enhancement statute.
In Henry v. State, 639 So.2d 583 (Ala.Cr.App.1994), this court, held that an appellant’s decision to plead guilty was not made knowingly and voluntarily because the appellant made his guilty plea while relying on the misapprehension that he could receive a lighter sentence than was allowable under the law. As a result, in Henry, we instructed the lower court to allow the appellant to *1010 withdraw his guilty plea, and to allow the appellant to enter another plea after he had been fully informed of the correct range of sentencing.
Based on Parish, Cantu, and Nagle, the appellant’s conviction must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the judges concur.

. The appellant challenges the application of both § 13A-12-250 and § 13A-12-270. However, the record reflects that the appellant's sentence was enhanced because the sale occurred within three miles of a school not because the sale occurred within three miles of a housing project.