659 So.2d 1004 (1995)
Clemmon T. WILLIAMS
v.
CITY OF PHENIX CITY.
CR-93-0220.
Court of Criminal Appeals of Alabama.
January 13, 1995.
*1005 Kenneth E. White, III, Phenix City, for appellant.
Greg Waldrep, Asst. Dist. Atty., Phenix City, for appellee.
MONTIEL, Judge.
The appellant, Clemmon T. Williams, was found guilty in the municipal court of Phenix City of criminal trespass in the third degree, a violation of § 13A-7-4, Code of Alabama 1975, and of bail jumping in the second degree, a violation of § 13A-10-40, Code of Alabama. Both are misdemeanor convictions. He appealed to the Russell Circuit Court for a trial de novo. The appellant did not request counsel and proceeded pro se. He was found guilty in the circuit on both charges and his sentence was suspended and he was ordered to pay fines and court costs. The appellant argues that he was denied his constitutional right to the assistance of appointed counsel at his trial in circuit court and that the trial court erred in ordering the appellant to serve time in jail sufficient to offset serve his fines and court costs.
A defendant's right to counsel in a criminal prosecution is guaranteed by the Sixth and Fourteenth amendments to the United States Constitution. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
"`The constitutional right to counsel extends to misdemeanor cases involving the loss of liberty. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). However, the constitutional right to counsel does not extend to misdemeanor cases unless the defendant is actually sentenced to jail. Lake v. City of Birmingham, Ala.Cr.App., 390 So.2d 36, 38 (1980), citing Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979).'
"Word v. State, 424 So.2d 1374, 1377 (Ala. Cr.App.1982)."
Warren v. City of Enterprise, 641 So.2d 1312, 1313 (Ala.Crim.App.1994).
"`[C]onviction of an uncounseled criminal defendant is constitutionally permissible, so long as the defendant is not sentenced to a term of imprisonment. If an uncounseled defendant is sentenced to prison [or jail], the conviction itself is unconstitutional.' United States v. Eckford, 910 F.2d 216, 218 (5th Cir.1990)." Minnifield v. City of Alexander City, 616 So.2d 403 (Ala.Crim.App.1993).
The record shows that the appellant was indigent. The municipal court appointed counsel for him. The circuit judge declared the appellant indigent 16 days after the appellant's trial in circuit court and appointed counsel to represent him on appeal. (C. 36.)
"Scott [v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)] held that `no indigent criminal defendant [can] be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.' 440 U.S. at 374, 99 S.Ct. at 1162. In this formulation, the constitutional right to counsel limits not the trial itself, but rather the sentence that may be imposed. By denying the defendant counsel, the court effectively waives its right to sentence him to prison. See United States v. Foster, 904 F.2d 20, 21-22 (9th Cir.1990) (`[I]f a court wishes to retain its powers to *1006 imprison a [defendant], it must simply afford [him] counsel....')."
United States v. Reilley, 948 F.2d 648, 654 (10th Cir.1991).
In this case, the trial court could try, convict, and fine the appellant. However, the trial court conditioned the appellant's release on the payment of fines and costs. The appellant's inability to pay these sums resulted in his being sentenced to jail "for a sufficient period of time to serve his fine and cost." (C. 11; 29.) This is in direct contravention to Rule 26.11(i)(2), Ala.R.Crim.P., which states, "In no case shall an indigent defendant be incarcerated for inability to pay a fine or court costs or restitution."
"Although Scott did not address the issue of whether a conditionally suspended term of imprisonment constitutes a `sentence[] to a term of imprisonment,' the conclusion clearly follows from its holding. If a defendant cannot be ordered to serve a sentence of imprisonment, it seems obvious that a conditional sentence of imprisonment is equally invalid." United States v. Reilley, 948 F.2d at 654. The state seems to agree with this argument and, in its brief, requests that we remand this case to the circuit court.
We hold that a conditionally suspended sentence of imprisonment cannot be imposed on an indigent defendant who is denied counsel. In this case, the appellant's conviction is affirmed, as is the imposition of fines and court costs. However, we are remanding this case for the circuit court to find an alternate method of collecting these fines and court costs that does not include incarceration. A return to remand should be made within 28 days of the date of this opinion.
REMANDED WITH DIRECTIONS.[*]
All the Judges concur except TAYLOR, J., who dissents with opinion.
TAYLOR, Judge, dissenting.
This court does not have authority to impose a particular sentence or to order a lower court to impose a particular sentence. The requirement of the United States Constitution as articulated in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), cannot be circumvented simply by remitting an eventual sentence to confinement.
NOTES
[*] Editor's Note: On return to remand, the court on March 3, 1995, affirmed the decision, without opinion.