669 So.2d 1010 (1995)
Ex parte State of Alabama.
(Re James Michael STINSON
v.
STATE).
1931764.
Supreme Court of Alabama.
August 4, 1995.
Jeff Sessions, Atty. Gen., Rosa H. Davis, Deputy Atty. Gen., and Frances H. Smith, Asst. Atty. Gen., for Appellant.
Richard K. Keith, Montgomery, for Appellee.
INGRAM, Justice.
James Michael Stinson pleaded guilty to the unlawful distribution of a controlled substance, cocaine, and was sentenced to seven years' incarceration. This sentence included a five-year enhancement, pursuant to § 13A-12-250, Ala.Code 1975, because the sale occurred within a three-mile radius of a school. Stinson appealed to the Court of Criminal Appeals, contending, among other things, that his guilty plea was not voluntarily entered, because, he says, he was misinformed about the minimum and maximum sentences he might receive as a result of pleading guilty.
The Court of Criminal Appeals held that it could review this issue even though Stinson had not objected at the plea proceeding, had not moved for a new trial, and had not moved to withdraw his plea. The Court of Criminal Appeals cited this Court's April 15, 1994, opinions in Ex parte Parish, 660 So.2d 231 (Ala.1994), and Cantu v. State, 660 So.2d 1026 (Ala.1994), and this Court's March 25, 1994 (later withdrawn), opinion in Gordon v. *1011 Nagle, 647 So.2d 91 (Ala.1994). Relying on those opinions, it reversed the trial court's judgment and remanded the cause for the trial court to allow Stinson to withdraw his guilty plea and to allow him to enter another plea after he had been fully informed of the correct range of sentencing. Stinson v. State, 669 So.2d 1007 (Ala.Crim.App.1994). This Court granted certiorari review.
At the outset, we point out that because of the lack of clarity apparent in our April 15, 1994, opinions in Parish and Cantu, the Court of Criminal Appeals was at a clear disadvantage in deciding this case. However, we now believe that in our April 28, 1995, modifications of Ex parte Parish and Cantu v. State, we have cleared up any misunderstanding. We modified Cantu on April 28, 1995, to make it clear that the trial court is always to be given the first opportunity to rectify any error it may have made concerning sentencing. Pursuant to Cantu, the defendant may either (1) make a motion before the trial court to withdraw a guilty plea or (2) file a Rule 32 petition before the trial court. Through either avenue, the trial court must first be given the opportunity to address this issue.
Stinson did not follow either avenue of redress, and the Court of Criminal Appeals erred by reviewing the case. Therefore, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded for that court to enter an order consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
MADDOX, J., concurs in part and dissents in part.
MADDOX, Justice (concurring in part; dissenting in part).
This case graphically points out the confusion that presently exists in the law relating to the right of a defendant to question the voluntariness of a plea of guilty. I believe that the issue of the voluntariness of a plea of guilty should be raised in the trial court or else is precluded. See, Cantu v. State, 660 So.2d 1026 (Ala.1994) (Maddox, J., concurring in part; dissenting in part).
The Court of Criminal Appeals, relying on this Court's opinions in Cantu, Ex parte Parish, 660 So.2d 231 (Ala.1994), and Gordon v. Nagle, 647 So.2d 91 (Ala.1994), reversed the trial court's judgment and remanded the cause for the trial court to allow Stinson to withdraw his guilty plea and to allow him to enter another plea after he had been fully informed of the correct range of sentencing. Stinson v. State, 669 So.2d 1007 (Ala.Crim. App.1994).
The majority admits that there was a "lack of clarity apparent in our April 15, 1994, opinions in Parish and Cantu," and that "the Court of Criminal Appeals was at a clear disadvantage in deciding this case," but the majority further says that "we now believe that in our April 28, 1995, modifications of Ex parte Parish and Cantu v. State, we have cleared up any misunderstanding," because "[this Court] modified Cantu on April 28, 1995, to make it clear that the trial court is always to be given the first opportunity to rectify any error it may have made concerning sentencing." 669 So.2d at 1011.
The Court summarizes the holding in Cantu by saying that "the defendant may either (1) make a motion before the trial court to withdraw a guilty plea or (2) file a Rule 32 petition before the trial court," and that "[t]hrough either avenue, the trial court must first be given the opportunity to address this issue." 669 So.2d at 1011. To hold that the issue of the voluntariness of a plea of guilty is not precluded if it is not raised in the trial court, I believe, completely misreads the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and encourages defendants to clog our courts with post-conviction petitions raising issues that are clearly precluded, or that should be.
I agree with the majority that the judgment of the Court of Criminal Appeals must be reversed, but, as I disagreed in Cantu, I disagree with the holding that Stinson could still raise, in a Rule 32 post-conviction proceeding, the voluntariness of his plea of guilty. This Court has provided defendants several opportunities to question the voluntariness *1012 of a guilty plea before an appeal is taken. We should not reopen our courts to these belated attacks.
In Cantu, by a special opinion of April 28, 1995, concurring in part and dissenting in part, I addressed this very issue, and said:
"I am pleased with the decision of the Court ... insofar as it [held] that a trial court's failure to advise a defendant correctly about the maximum and minimum punishment a defendant can receive is not a jurisdictional defect.... I am greatly disturbed about the holding that a defendant, represented by counsel, who pleads guilty and is sentenced within the range allowed by law, and who does not object to the stated range of punishment or ask the trial court to allow a withdrawal of the plea of guilty, or does not appeal from the judgment of conviction entered on the plea of guilty, may still raise the issue of the voluntariness of the plea of guilty in a post-conviction proceeding."
660 So.2d at 1029-30 (footnote omitted). I also cited opinions from two other jurisdictions, Gamble v. State, 449 So.2d 319 (Fla. Dist.Ct.App.1984), and State v. Applegate, 39 Or.App. 17, 591 P.2d 371 (1979), in which courts held that the issue of the voluntariness of a guilty plea should be raised in the trial court or else is precluded.
"I do not believe Boykin stands for the proposition that a defendant who has been afforded counsel [as this defendant was], who decides to plead guilty [as this defendant did], and who is sentenced within the limits allowed by law [as this defendant was], should be able to raise, in a post-conviction proceeding, the question of the plea's voluntariness, especially when the defendant could have raised the issue 1) by objecting when he entered the plea, or 2) by asking the trial judge to allow a withdrawal of the plea of guilty, and then appealing from the conviction."
Cantu, 660 So.2d at 1031.
The Alabama Rules of Criminal Procedure governing the entry of pleas of guilty provide certain procedural requirements, and they should be followed, but our Rules also provide that certain issues that are not raised are precluded, as they should be.[1] Nevertheless, Rule 1.2, Ala.R.Crim.P., states:
"These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare."
I have reviewed the record filed with this Court, and I find no indication that Stinson objected or raised in the trial court any argument that his plea of guilty was involuntary. He attempted to file in the trial court a motion for a new trial, after he had appealed,[2] but he did not specifically raise the question of the voluntariness of his plea of guilty in that motion, which was not timely filed.
I think that this Court, in allowing defendants to raise on direct appeal or in a post-conviction proceeding the voluntariness of a plea of guilty, elevates a defendant's Boykin rights above other constitutional rights that can be waived if not timely raised.
Based on the foregoing, I concur in reversing the judgment of the Court of Criminal Appeals, but I strongly disagree with the majority's statement of law in its opinion that a defendant should be allowed to file a Rule 32 petition and raise, at that stage, the voluntariness of a plea of guilty.
NOTES
[1] Rule 32.2(a)(3) and Rule 32.2(a)(5) expressly bar review of claims that could have been raised in the trial court and argued on appeal.
[2] The notice of appeal was filed December 3, 1993; an instanter motion to grant defendant's out of time motion for new trial was filed on March 17, 1994.