I dissent from the majority's opinion in this case, which holds that the appellant was not entitled to be represented by counsel because he did not receive an actual jail sentence as a result of the conviction. The appellant is indigent. The appellant was charged with and convicted of harassment, a violation of § 13A-11-8, Code of Alabama 1975. He was sentenced to 30 days in jail, which sentence was suspended, and he was placed on probation for two years. He was fined $350 and was ordered to pay court costs, for a total cost to the appellant of $574. A violation of § 13A-11-8, is a class C misdemeanor, with a possible sentence of up to three months in the county jail. The appellant requested and was granted a jury trial in circuit court.
The United States Supreme Court in Argersinger v. Hamlin,407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), held that an accused is entitled to be represented by counsel when charged with a misdemeanor offense, if the accused faces a possible jail sentence as a result of conviction of that offense. The United States Supreme Court, quoting its opinion in Baldwin v.New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) stated:
 " '[T]he prospect of imprisonment for however short a time will seldom be viewed by the accused as a trivial or "petty" matter and may well result in quite serious repercussions affecting his career and his reputation.' "
407 U.S. at 37, 92 S.Ct. at 2012.
The requirements of Argersinger v. Hamlin cannot be avoided by the court's placing the defendant on probation in lieu of imprisonment. The appellant here faces imprisonment if he violates the terms of his probation or fails to pay his fines. This case is similar to Williams v. City of Phenix City,659 So.2d 1004 (Ala.Cr.App. 1995), another case where the accused was not represented by counsel because he was not sentenced to actual jail time. This court stated:
 "In this case, the trial court could try, convict, and fine the appellant. However, the trial court conditioned the appellant's release on the payment of fines and costs. The appellant's inability to pay these sums resulted in his being sentenced to jail 'for a sufficient period of time to serve his fine and cost.' This is in direct contravention to Rule 26.22(i)(2), Ala.Crim.P., which states, 'In no case shall an indigent defendant be incarcerated for inability to pay a fine or court costs or restitution.' "
659 So.2d at 1006.
Based on the Sixth Amendment to the United States Constitution and the United States Supreme Court's decision inArgersinger, I must dissent. The appellant was denied his most basic of all rights — the right to be represented by counsel.