The appellant, Harvey S. Culberson, pleaded guilty to two counts of reckless endangerment, a violation of § 13A-6-24, Ala. Code 1975, and one count of harassing communications, a violation of § 13A-11-8(b), Code of Alabama 1975. He was sentenced to 12 months' imprisonment for each conviction, and the sentences were to run concurrently. The trial court suspended the sentences and placed the appellant on supervised probation for 24 months.
On June 16, 1996, the appellant, acting pro se, appeared in the District Court of Coosa County and was convicted of two counts of reckless endangerment and one count of harassing communications. He was sentenced to 60 days in the county jail for each offense; those sentences were to run concurrently. (C. 2, 20, 38.) He filed a notice of appeal for trial de novo on the same day. On December 15, 1996, the appellant, again acting pro se, appeared before the Coosa County Circuit Court and pleaded guilty to all three charges. (R. 2-10.) The appellant subsequently retained an attorney and on December 23, 1996, the appellant, through counsel, filed a motion to withdraw his guilty plea. In support of his motion, the appellant argued that his plea was not knowingly and voluntarily entered because it was entered without the benefit of counsel and because, he claimed, at the time he entered his plea he was on medication and was "mentally confused." (C. 11, 29, 47.) The trial court denied the motion on January 27, 1997.
 I.
The appellant contends that he was denied his constitutional right to counsel because, he says, the trial court failed to determine whether he was indigent, and because the court failed to advise him of his right to appointed counsel, as required by Rule 6.1 Ala.R.Crim.P.
An accused has a right to counsel during a guilty plea, unless a competent, intelligent, and voluntary waiver is made.Strickland v. State, 280 Ala. 31, 189 So.2d 771 (1965). This constitutional right extends to misdemeanor cases where, as here, the defendant is sentenced to a term of imprisonment.Williams v. City of Phenix City, 659 So.2d 1004 (Ala.Cr.App. 1995). A defendant may always waive the right to counsel but "the waiver must be intelligently and understandingly made, and [the court] cannot assume that to be the case from a silent record." Lake v. City of Birmingham, 390 So.2d 36, 38
(Ala.Cr.App. 1980).
The record does not contain any evidence that the appellant was advised of his constitutional right to counsel. There is no mention of the appellant's right to counsel during the guilty plea colloquy, nor is there any discussion regarding a waiver of counsel. Further, the record is silent as to whether the appellant was indigent when he entered his guilty plea.
The attorney general asks this Court to remand this cause to the trial court so that that court can make a written finding as to 1) whether the appellant was indigent; 2) whether the appellant was advised of his right to counsel; and 3) whether the appellant knowingly and intelligently waived his right to counsel.
Because we are unable to determine whether the appellant was indigent and therefore entitled to appointed counsel, we remand this cause to the Circuit Court of Coosa County in order for that court to enter written findings of fact regarding whether the appellant was indigent, whether he was advised of his right to counsel, and whether he knowingly and intelligently waived that right. The circuit court is further directed to include transcripts or documents, if any, that support its findings. The written findings of fact, together with any supporting transcripts or documents, should be filed in this Court within 45 days of the release of this opinion.
 II.
The appellant further argues that his guilty plea was involuntary because, he says, the trial court did not advise him of the minimum and maximum sentence that he could receive by entering a guilty plea: he further argues that the 12-month sentence *Page 1329 
he received for his harassing communications conviction, a Class C misdemeanor, exceeds the maximum sentence that could be imposed by law. The appellant's challenge to the voluntariness of his guilty plea is not properly before this Court, because it is asserted for the first time on appeal. Stinson v. State,669 So.2d 1010 (Ala. 1995).
Although the appellant did not present his assertion regarding the sentence to the trial court, we must address the appellant's contention that his sentence exceeded that authorized by law because it is a jurisdictional matter.Jones v. State, 585 So.2d 180 (Ala.Cr.App. 1991). The offense of harassing communications constitutes a Class C misdemeanor, § 13A-11-8, Ala. Code 1975. The maximum sentence of imprisonment for a Class C misdemeanor is not more than three months, §13A-5-7, Ala. Code 1975. The appellant's sentence of 12 months clearly exceeded that provided by statute; therefore, the sentence was void. Ferguson v. State, 565 So.2d 1172
(Ala.Cr.App. 1990).
In addition, we note that the $750 fine imposed on the appellant was excessive because it exceeded that authorized by law. Section 13A-5-2, Ala. Code 1975, provides that persons convicted of a misdemeanor shall be sentenced by the court to pay a fine. The fine for a Class C misdemeanor is not more than $500, § 13A-5-12, Ala. Code 1975. The trial court's imposition of a $750 fine on the appellant's conviction of harassing communications clearly exceeded that provided by statute; therefore, the fine was void.
Accordingly, the circuit court is ordered to vacate the 12-month sentence and the $750 fine for the appellant's conviction of harassing communications and to fix a sentence and a fine within the statutory limits and in accordance with Rule 9.1(a) and Rule 26.7, Ala.R.Crim.P.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
* Note from the reporter of decisions: On December 19, 1997, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.