[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 85 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 86 
The appellant, Lereed Shelton, was convicted in district court of third-degree assault, § 13A-6-22, Ala. Code 1975. He appealed his conviction to the Etowah Circuit Court for a trial de novo, and he was again convicted of third-degree assault. The circuit court sentenced him to 30 days imprisonment, but suspended the sentence and placed him on unsupervised probation for two years. The circuit court also ordered the appellant to pay $516.69 restitution as a condition of his probation. This appeal followed.
 I.
The appellant argues that the prosecutor's complaint was void because it did not allege an essential element of third-degree assault. Specifically, he contends that the complaint was deficient because it did not include the language "to another person" in describing the intent element of the offense. The complaint alleged that the appellant,
 "with the intent to cause physical injury and did cause physical injury to Kenney L. Campbell by beating him with his fist, in violation of 13A-6-22 of Code of Alabama 1975."
(C.R. at 13.) Section 13A-6-22, Ala. Code 1975, provides:
 "(a) A person commits the crime of assault in the third degree if:
 "(1) With intent to cause physical injury to another person, he causes physical injury to any person."
"[A] complaint that substantially tracks the language of the statute is sufficient to inform the defendant of the charges against which he must defend." Gentile v. City of Guntersville, 589 So.2d 809, 810
(Ala.Cr.App. 1991) (emphasis added). Although a minor variation between the language in the complaint and the language of § 13A-6-22, Ala. Code 1975, exists, the complaint substantially tracks the language of the statute. Furthermore, the complaint contains sufficient facts and a sufficient description of the elements to "`inform the [appellant] of the charge so that [he] may prepare a defense and invoke the Double Jeopardy Clause when appropriate.'" See Hunt v. State, 642 So.2d 999, 1022
(Ala.Cr.App. 1993), aff'd, 642 So.2d 1060 (Ala. 1994) (quoting Daniel F. McInnis et al., Project, Twenty-Second Annual Review of CriminalProcedure: United States Supreme Court and Courts of Appeals 1991-1992, 81 Geo. L. J. 853, 1076-81 (1993)). The complaint does not include the words "to another person" in regard to intent. However, the language of the complaint was sufficient to apprise the appellant that the intent to cause physical injury was an element of the offense of third-degree assault so that he could formulate a defense to that charge. Because the complaint contains all the essential elements of the charge, it is valid.
 II.
Next, the appellant argues that his rights were violated because the record does not reflect that he knowingly, intelligently, and voluntarily waived his right to counsel. The State argues that the appellant did not have a right to counsel. Therefore, it argues that no waiver was necessary. The appellant was convicted of third-degree assault, a Class A misdemeanor. See § 13A-6-22, Ala. Code 1975. The right to counsel does not attach in a misdemeanor case if "'"the *Page 87 
defendant is not sentenced to a term of imprisonment. If an uncounseled defendant is sentenced to prison [or jail], the conviction itself is unconstitutional."'" Williams v. City of Phenix City, 659 So.2d 1004,1005 (Ala.Cr.App. 1995) (quoting Minnifield v. City of Alexander City,616 So.2d 403 (Ala.Cr.App. 1993)); see also Rule 6.1, Ala.R.Crim.P., committee comments (stating that "the right to counsel in misdemeanor cases is limited to cases in which the defendant is actually sentenced to jail"). The circuit court sentenced the appellant to 30 days imprisonment, but suspended the sentence and conditioned probation on the payment of fines, costs, and restitution. The constitutional right to counsel applies in misdemeanor cases where the appellant's sentence of imprisonment is suspended conditionally. Williams v. City of PhenixCity, 659 So.2d at 1006 (holding that "a conditionally suspended sentence of imprisonment cannot be imposed on an indigent [in a misdemeanor case] who is denied counsel"); see also Culberson v. State, 709 So.2d 1327
(Ala.Cr.App. 1997) (holding that Culberson, who had been sentenced to three suspended terms of imprisonment, had a constitutional right to counsel). Therefore, the appellant had a constitutional right to counsel.
"A defendant may always waive the right to counsel but `the waiver must be intelligently and understandingly made, and [the court] cannot assume that to be the case from a silent record.'" Culberson, 709 So.2d at 1328
(quoting Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Cr.App. 1980)); see Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562 (1975). "'"If the record is not clear as to the defendant's waiver [of counsel] and request of self-representation, the burden of proof is on the State"'" to show the waiver was knowing, intelligent, and voluntary. Watkins v. State, 708 So.2d 236, 240 (Ala.Cr.App. 1997) (emphasis omitted). Nothing in the record indicates that the appellant knowingly, understandingly, and voluntarily waived his right to counsel. Therefore, we remand this case for the circuit court to determine whether the appellant made a knowing, intelligent, and voluntary waiver of his right to counsel. The circuit court shall take the necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include any transcripts or documents that support the circuit court's findings.
REMANDED WITH INSTRUCTIONS.
Long, P.J., and McMillan, Cobb, and Brown, JJ., concur.