851 So.2d 96 (2000)
Ex parte Lereed SHELTON.
(Re Lereed Shelton v. State).
1990031.
Supreme Court of Alabama.
May 19, 2000.
Opinion Modified on Denial of Rehearing October 27, 2000.
*97 William H. Mills of Redden, Mills & Clark, Birmingham, for petitioner.
William H. Pryor, Jr., atty. gen., and Stephanie N. Morman, asst. atty. gen., for respondent.
*98 JOHNSTONE, Justice.
In district court Lereed Shelton was convicted of assault in the third degree, a violation of § 13A-6-22, Ala.Code 1975. The district court ordered him to pay a $500 fine and $333.75 as restitution to the victim. Shelton appealed for a trial de novo in circuit court. Pursuant to a jury trial during which Shelton represented himself, Shelton was convicted of assault in the third degree. The sentence of the trial court imposed 30 days' imprisonment, a $500 fine, restitution of $516.69 payable to the victim, and court costs. The trial court, however, suspended the 30 days' imprisonment, placed Shelton on probation, and imposed certain conditions, including timely payment of the sums ordered.
Shelton appealed to the Court of Criminal Appeals, which, holding that he did have a constitutional right to counsel because he had received a sentence to suspended imprisonment, remanded his case for the trial court to determine whether Shelton made a knowing, intelligent, and voluntary waiver of his right to counsel. Shelton v. State, 851 So.2d 83 (Ala.Crim. App.1998). On remand, the trial court conducted a hearing at which Shelton was represented by counsel. Shelton testified that he was not informed that he had a right to counsel and that he was not asked whether he wanted to be represented by counsel. He also testified that he was not informed that he could possibly serve time in jail for his conviction. On cross-examination, Shelton stated that he was aware he could be represented by counsel if he "went and paid the money" to hire a lawyer. He stated further that he believed that the trial court would consolidate his case with his son's case and that they would share the same lawyer. The record does not contain evidence that anyone told Shelton that the trial court would appoint a lawyer to represent him if he could not afford one. The prosecutor argued that, although the record did not reflect that anyone informed Shelton of his right to counsel and that he waived his right, Shelton was aware of his right to counsel because he was present when his son, who was Shelton's codefendant, was informed of his right to counsel and because the trial court warned Shelton throughout the proceedings that he needed a lawyer. The prosecutor stated further that Shelton did a "very good job of representing himself."
Thereafter, trial court entered the following order:
"1. Although [Shelton] never made a statement on the record specifically waiving his right to counsel, it is the opinion of this Judge that [Shelton] fully understood his right to employ counsel and in fact did a creditable job of defending his own case both at the District and Circuit Court levels.
"2. Repeatedly during the trial of his case, the Court informed [Shelton] about the problems of him representing himself and the fact that he was a lay person would not allow him to circumvent the rules of evidence.
"3. [Shelton] appeared to be an intelligent, articulate, shrewd businessman fully aware of what was going on in the courtroom and aware of the criminal charge against him and the possibilities of punishment (he was found guilty in District Court and received a fine and ordered to pay restitution)."
The trial court does not state in this order that it actually informed Shelton of his right to counsel. The trial court does not state that it informed Shelton that the court would appoint a lawyer to represent him if he could not afford to hire a lawyer.
On return to remand, the Court of Criminal Appeals, citing the United States Supreme *99 Court in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), and Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), held that Shelton did not have a constitutional right to counsel because his sentence was suspended and he was not actually imprisoned.[1] After the Court of Criminal Appeals overruled Shelton's application for rehearing and denied his Rule 39(k), Ala. R.App. P., motion, he petitioned this Court for a writ of certiorari. We granted Shelton's petition to determine the following: 1) whether Shelton had a constitutional right to counsel even though he was never actually imprisoned; 2) whether Shelton knowingly, intelligently, and voluntarily waived his right to counsel; and 3) whether the trial court denied Shelton his right to a restitution hearing in violation of § 15-18-67, Ala.Code 1975.
In concluding, in this second opinion, that Shelton did not have a constitutional right to counsel, the Court of Criminal Appeals relied on the following holding of the United States Supreme Court in Argersinger v. Hamlin, 407 U.S. at 37-40:
"[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.
"....
"Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.
"The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of the `the guiding hand of counsel' so necessary when one's liberty is in jeopardy."
This Argersinger holding necessarily requires a court reviewing a claim of violation of a defendant's right to counsel to determine the existence of the right retroactively on the basis of the sentence imposed on the unrepresented defendant.
The defendant in Argersinger was convicted, without the aid of counsel, of the misdemeanor offense of carrying a concealed weapon. He was sentenced to 90 days in jail. The Court held that, because the defendant had been imprisoned and had suffered an actual loss of liberty, he was entitled to representation by counsel. The Court did not address the issue of a defendant's right to counsel when no loss of liberty has occurred. Argersinger, 407 U.S. at 37.
In another case, Scott v. Illinois, supra, the United States Supreme Court considered the right to counsel of an indigent defendant who was convicted of shoplifting, a crime punishable by a maximum fine of $500 or by a maximum term of imprisonment of one year, or by both. The defendant was fined $50, but was not sentenced to any term of imprisonment. In that case, the Court concluded that the defendant was not entitled to appointed counsel:
"[W]e believe that the central premise of Argersingerthat actual imprisonment is a penalty different in kind from fines *100 or the mere threat of imprisonmentis eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. ... We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." 440 U.S. at 373, 99 S.Ct. 1158. (Emphasis added.)[2]
Neither Argersinger nor Scott addresses the issue currently before uswhether a suspended or probated sentence to imprisonment constitutes a "term of imprisonment." However, some federal and state courts have interpreted Argersinger and Scott to mean that a defendant who is convicted, without the aid of counsel, of a misdemeanor offense and is sentenced to a term of imprisonment which is suspended or probated, does not have a right to appointed counsel because the defendant was not "actually imprisoned." See People v. Reichenbach, 459 Mich. 109, 587 N.W.2d 1 (1998); Layton City v. Longcrier, 943 P.2d 655 (Utah App.1997); Griswold v. Commonwealth, 252 Va. 113, 472 S.E.2d 789 (1996); State v. Hansen, 273 Mont. 321, 903 P.2d 194 (1995); United States v. Smith, 56 F.3d 66 (6th Cir.1995); United States v. Castro-Vega, 945 F.2d 496 (2d Cir.1991); United States v. Nash, 703 F.Supp. 507 (W.D.La.), aff'd, 886 F.2d 1312 (5th Cir.1989); State v. Sanchez, 94 N.M. 521, 612 P.2d 1332 (N.M.App.1980); and Cottle v. Wainwright, 477 F.2d 269 (5th Cir.), vacated on other grounds, 414 U.S. 895, 94 S.Ct. 221, 38 L.Ed.2d 138 (1973).
On the other hand, other courts have held that an indigent defendant who receives a conditionally suspended or probated sentence to imprisonment is entitled to representation by appointed counsel because that defendant has been "sentenced to a term of imprisonment." United States v. Reilley, 948 F.2d 648 (10th Cir. 1991); United States v. Foster, 904 F.2d 20 (9th Cir.1990); United States v. Sultani, 704 F.2d 132 (4th Cir.1983); United States v. Leavitt, 608 F.2d 1290 (9th Cir.1979); and United States v. White, 529 F.2d 1390 (8th Cir.1976). For example, in Reilley, the defendant was charged with leaving property unattended in a national park for longer than 24 hours in an undesignated area, a crime punishable by a maximum fine of $500 or by a maximum term of imprisonment of six months or by both. *101 The defendant established his indigence and requested appointed counsel, but the trial court denied his request. He was convicted and was sentenced to 30 days' imprisonment, suspended on the condition that he timely pay his $500 fine. In vacating the defendant's 30-day prison sentence, the Reilley court reasoned:
"If a defendant cannot be ordered to serve a sentence of imprisonment, it seems obvious that a conditional sentence of imprisonment is equally invalid. Since the court's conditional threat to imprison Reilley could never be carried out, the threat itself is hollow and should be considered a nullity."
Applying the rationale of Reilley, Argersinger, and Scott, we hold that the defendant in this case was entitled to representation by counsel because he was sentenced to a term of imprisonment, albeit suspended. We do not conclude that a defendant convicted of a petty or misdemeanor offense can establish a violation of his right to counsel when the defendant has not been sentenced to a term of imprisonment. For these reasons, we reverse the holding of the Court of Criminal Appeals that a defendant sentenced to conditionally suspended incarceration for a misdemeanor conviction but not actually incarcerated, does not (retroactively) have a right to counsel. Furthermore, we hold that the Court of Criminal Appeals improperly overruled Williams v. City of Phenix City, 659 So.2d 1004 (Ala.Crim. App.1995), and Culberson v. State, 709 So.2d 1327 (Ala.Crim.App.1997), which hold that a conditionally suspended or probated sentence of incarceration cannot be imposed on an indigent defendant who has been denied his right to counsel.[3]
Our inquiry does not end with the determination that Shelton had a right to counsel. We must determine whether the defendant effectively waived his right to counsel in this case. A defendant may not be imprisoned for any offense, whether a petty, misdemeanor, or felony offense, unless the defendant either had counsel or made a knowing, intelligent, and voluntary waiver of his right to counsel. Argersinger, 407 U.S. at 37, 92 S.Ct. 2006. "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer." Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). See Lake v. City of Birmingham, 390 So.2d 36 (Ala.Crim.App. 1980). To establish a knowing and intelligent waiver of counsel, "the record at the outset of the trial should establish three factors: 1) that the defendant was informed that he had the right to counsel, 2) that the defendant was informed that if he could not afford counsel the state would appoint counsel to represent him, and 3) an affirmative showing by the defendant that, understanding these rights, he still elects to proceed without counsel." Jenkins v. State, 482 So.2d 1315, 1317 (Ala. Crim.App.1985).
The record fails to establish that Shelton "was offered counsel" as required by Carnley, supra. Likewise the record fails to establish any of the three factors required by Jenkins, supra. The trial judge's admonitions to Shelton to the effect that he needed a lawyer are a far cry from explanations of the right to counsel or offers of appointed counsel if Shelton could not afford to retain counsel. Therefore, *102 we cannot say that Shelton intelligently and understandingly waived his right to counsel.
Shelton claims also that he was denied his right to a restitution hearing pursuant to § 15-18-67, Ala.Code 1975. The Court of Criminal Appeals held that Shelton did not preserve this issue for appellate review because he did not object at the original sentencing hearing to the trial court's failure to conduct a restitution hearing. Perkins v. State, 715 So.2d 888, 892 (Ala.Crim.App.1997); Dollar v. State, 687 So.2d 207, 208 (Ala.Crim.App.), rev'd on other grounds, 687 So.2d 209 (Ala.1996). We agree. During neither the original sentencing proceedings nor the first remand proceedings did Shelton request a restitution hearing or object to the trial court's failure to conduct a restitution hearing. He did not make any argument that the restitution was not supported by the evidence. Cf. Ex parte Clare, 456 So.2d 357, 359 (Ala.1984) (holding that defendant's argument regarding the amount of restitution ordered was preserved for appellate review even though defendant did not object during the restitution hearing because defense counsel "made known to the [trial] court his disagreement with the State concerning the amount of restitution"). Shelton did not present this issue concerning a restitution hearing to the trial court until the commencement of the second remand proceedings. Because Shelton did not timely raise this issue before the trial court for its consideration, this issue has not been properly preserved for our review. Moreover, during the trial, the State presented medical bills showing that the victim owed $516.69 for treatment for injuries he suffered as a result of the assault by Shelton. Shelton had ample opportunity to present evidence to dispute the restitution amount.
Having held that a defendant who receives a suspended or probated sentence to imprisonment has a constitutional right to counsel, and having found that Shelton did not intelligently and understandingly waive that right and that he suffered a deprivation of that right, we affirm Shelton's conviction but reverse that aspect of his sentence imposing 30 days of suspended jail time. The remaining aspects of the sentence are affirmed. We remand this cause to the Court of Criminal Appeals for that court to remand with instructions to the trial court to vacate that aspect of Shelton's sentence imposing the suspended jail time.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOOPER, C.J., and HOUSTON, COOK, LYONS, and ENGLAND, JJ., concur.
MADDOX, J., dissents.
BROWN, J., recuses herself.[*]
MADDOX, Justice (dissenting).
I see no need to reach the question whether Shelton was entitled to counsel in this case because I believe that, even if he had that right, he waived it, as the trial court determined on remand from the Court of Criminal Appeals.
I recognize that, as the main opinion states, "[a] defendant may not be imprisoned for any offense, whether a petty, misdemeanor, or felony offense, unless the defendant either had counsel or made a knowing, intelligent, and voluntary waiver of his right to counsel." 851 So.2d at 101. I also agree that we may not presume *103 waiver of this important right from a silent record, see Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), but I respectfully disagree with the proposition that the record in this case is silent as to the question of waiver.
The record shows that the Court of Criminal Appeals had remanded this case for the trial court to determine whether Shelton had intelligently and knowingly waived his right to counsel. At the trial court's hearing on that question, the State argued that during his prosecution Shelton was repeatedly told of his right to counsel and nevertheless chose to represent himself. Based on that argument, the trial court entered an order finding that Shelton had waived his right to counsel.
Under the facts of this case, I am reluctant to question the judgment of the trial court. Furthermore, because the defendant received only a suspended sentence and was not incarcerated, I do not believe that he, in fact, had a right to counsel. Consequently, I respectfully dissent.
NOTES
[1] The Court of Criminal Appeals affirmed Shelton's conviction, but remanded for the trial court to conduct a new sentencing hearing and to allow Shelton the right to allocution.
[2] The United States Supreme Court expounded further on the requirement that a defendant must be "sentenced to a term of imprisonment" in Nichols v. United States, 511 U.S. 738, 749, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), which held that "an uncounseled misdemeanor conviction, valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." Nichols overruled Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), which held that a prior uncounseled misdemeanor conviction, constitutional under Scott, could not be used to enhance a second misdemeanor conviction to a felony conviction.

Applying Argersinger and Scott in Ex parte Reese, 620 So.2d 579, 580 (Ala.1993), this Court recognized that a defendant has a right to counsel in a misdemeanor case in which the defendant receives a jail sentence. This Court held that, because the defendant was sentenced to six months in jail for a prior misdemeanor possession conviction, he was entitled to counsel in that case; and, therefore, without a showing that the defendant either had counsel or waived his right to counsel, that prior conviction could not be used to enhance his current conviction. 620 So.2d at 581. Reese did not address the specific issue of whether a defendant who receives a suspended or probated sentence, but is not actually imprisoned, for a misdemeanor conviction is entitled to counsel.
[3] We note further that the holding of the Court of Criminal Appeals in Benson v. City of Sheffield, 737 So.2d 1059 (Ala.Crim.App. 1999), is improper for the same reasons stated in this opinion.
[*] Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.